[PHILADELPHIA, FEBRUARY 18th, 1837.]

Wharton.
2wh309
135  327

2 Wh 309
215      630

THE BLACK AND WHITE-SMITHS' SOCIETY *against*
VANDYKE.

IN ERROR.

The charter of a private corporation provided, that if any member should be found break-
ing the rules of the society, he should be served with a notice to attend to answer at the
next stated meeting, after which a decision should be held by ballot; and if two-thirds
considered him guilty, he should be dealt with agreeably to the by-laws. The by-laws
provided that no member shall be entitled to receive any benefit from the society whose
complaints are the result of intoxication," &c. A member having been expelled by the
requisite majority, on the ground of intoxication, after due notice, &c. brought an action
in the Court of Common Pleas to recover the allowance granted to disabled members.
*Held*, that the regularity of the proceedings to expel him could not be inquired into in
that action; and that the court had no jurisdiction to compel payment of the allowance, by
such action.

THIS was a writ of error to the Court of Common Pleas for the
City and County of Philadelphia, to remove the record of an action
on the case, brought by Isaac Vandyke against "The Journeymen
Black and White Smiths' Beneficial Society of the City and County
of Philadelphia."

The defendants were incorporated by charter, approved by the
Judges of the Supreme Court and by the Attorney-General, and duly
enrolled on the 12th of February, 1829. The plaintiff had been for
several years a member of this corporation. The charter contained
the following provisions, among others:

" Article VII. Sec. 2. The stewards shall have a discretionary
power in all cases of doubt as to the incapability of a member to
attend his usual business or occupation, and if they see fit shall call
a physician of respectability whose decision shall be final.

Article XX. Should any of the members be found breaking the
rules or regulations of this society, so that the society may be in-
jured, such member shall be served with a notice, signed by the
President, stating the charge, and requesting his attendance at the
next stated meeting to answer thereunto ; at which time all witnesses
shall be freely heard, and he and every member shall have full lib-
erty to express their opinions on the subject:—after which a deci-
sion shall be made by ballot, and if it shall appear that two-thirds of
the members present consider him guilty, he shall be dealt with
agreeably to the by-laws."

The by-laws provided, among other things, as follows.

" Art. X. Sec. 1. No member shall be entitled to receive any benefits from this society, whose complaints or disease has been the effect of debauchery, intoxication, wilful fighting, or any outrageous conduct of his own, which it shall be the duty of the stewards at all times particularly to investigate; and on proof thereof, such member or members shall not receive any benefits : and the stewards shall report thereof to the society at the next stated meeting; when, on sufficient proof thereof, such member or members shall be expelled.

Sec. 3. In all cases of doubts as to any member or members being entitled to benefits, the stewards shall confer with the standing committee, and if they agree that he or they ar enot entitled to benefits, such member or members shall not receive any benefits from this society, unless the society at their next stated meeting otherwise determine ; and there shall be no appeal from the decisions of the society.

Article XI. Sec. 2. No member shall be expelled without first having a copy of the charge or charges preferred against him, with a notice of the time and place of trial, requesting his attendance to show cause why he shall not be expelled ; which notice and charge shall be left at his residence, if known by the messenger, and in his district, at least twenty-four hours previous to the trial. Should he not comply with the said notice, he shall be considered as guilty, and expelled accordingly, forfeiting all claims in this society, and never after be eligible as a member."

After having as a sick member, received certain weekly benefits, the plaintiff, at a stated meeting of the society, held on the 6th of September, 1834, was formally charged by the stewards " that his sickness was caused by intoxication and other outrageous conduct of his own:"—and his application for benefits was ordered not to be paid.

At a stated meeting of the society held on the 4th of October, 1834, the plaintiff himself being present, the notice and charge given him to appear at that meeting, and answers, were submitted :—but the case was adjourned over to next stated meeting.

At the stated meeting on the 1st of November, 1834, the notice and charge having been left with the plaintiff again, the certificate of Dr. Casper Shaffer, to the effect that he was the plaintiff's attending physician, and that his indisposition had been occasioned by habits of intemperance was read. The plaintiff failing to appear according to notice, but asking delay by letter, his guilt was voted by twenty-five to four, and his expulsion pronounced by twenty-three to six.

The plaintiff brought the suit before Alderman Laws, on the 12th of November, 1834, claiming one week's benefits due in August, and four weeks' benefits accrued from the 15th of October to the 12th of November, 1834.

(Black and White Smiths' Society-*v.* Vandyke.)

The cause was tried in the Court below on the 17th of November, 1835, and a verdict given for the plaintiff for $20. The defence rested upon two grounds. 1st, That as to so much of the benefits as were due prior to expulsion, the society had agreeably to the by-law, ordered them not to be paid, from which order there could be no appeal. 2d, That as to so much as were claimed as having accrued since the expulsion, the claimant had no right whatever, having ceased to be a member.. In the course of the trial, the court, notwithstanding the objections of the defendants' counsel, admitted evidence to invalidate the decisions and expulsion passed by the society.

A verdict having been given for the plaintiff pursuant to the charge of the Court, the defendants took a writ of error, and filed the following specifications:—

1. " In admitting evidence to disprove the charge as to the intemperate habits, in which the sickness or the complaint of the defendant originated: the same being objected to by the counsel for the plaintiff.

2. In admitting evidence to prove that the facts stated in the certificate of Dr. Shaffer, were untrue; the same being also objected to.

3. In charging the jury, that if the defendant was expelled from the society for an alleged cause which was not founded in truth, he was entitled to recover benefits, alleged to have become due even after the date of such expulsion, in this form of action.

4. In charging the jury, that if the defendant had been illegally expelled, he might treat his expulsion as a nullity, and could maintain this suit for dues without a previous application to the Supreme Court for a restoration to his corporate rights.

5. In charging the jury that although the society, under its constitution and by-laws, had a right, at the meeting of the 6th of September 1834, to receive the charge of the stewards against the defendant, and by a vote founded on that charge, to direct that the defendant should not receive further benefits; yet, if in this action that charge be proved to have been untrue, the defendant may recover, and he need not wait for the society to reverse their direction."

Mr. *Dallas,* for the plaintiffs in error, argued that the exclusive right of judging of the delinquency of the members, was vested in the corporation; that the only question was, whether the forms prescribed by the by-laws, had been complied with; and that this being satisfactorily shown, the court below had no jurisdiction. He cited 1 *Bl. Comm.* 468. *Taverner's Case,* (*Sir T. Raymond,* 446.) *Phillips v. Berry,* (1 *Ld. Raymond,* 8.)

(Black and White Smiths' Society *v.* Vandyke.)

Mr. *Kennedy, contra,* cited *The King* v. *Bishop of Chester,* (1 *Term Rep.* 396.) *Commonwealth* v. *Canal Commissioners,* (2 *Penn. Rep.* 517.)

The opinion of the Court was delivered by

GIBSON, C. J.—It is said that by-laws preclusive of recourse to remedies beyond the corporate jurisdiction, are void, because the general legislative power only is adequate to take from the citizen his remedy by due course of law. But a corporator may undoubtedly surrender, by consent, a matter of common right, which he could not be deprived of by a by-law that had not received his assent. *Astley* v. *The Whitstable Company,* (17 *Ves.* 323.) Independently of implied assent, the by-laws of a municipal corporation, within the scope of its corporate powers, bind, by statutory or prescriptive force, all who happen to be within the territorial limits of its jurisdiction, whether corporators or strangers. But the by-laws of a private corporation like the present, derive their force from assent, either actual or constructive. How far then did the plaintiff below assent to the jurisdiction of the tribunal, by which he was disfranchised?

There are points of limitation to the general presumption of assent to things, done at a regular meeting; for that the presumption has no place where the act was otherwise illegal, is collectible from *Slee* v. *Bloom,* (19 *Johns.* 456.) The matter here, however, depends not merely on presumption of assent to a by-law, but on the charter to which the plaintiff expressly assented at his initiation; and he is consequently bound by every thing done in accordance with it. The seventh article declares that the stewards, doubting the inability of a beneficiary to pursue his business, may have him examined by a physician, whose report is to be conclusive; and the twentieth declares, that being served with a copy of the charge, and summoned to appear at the next stated meeting, he shall, on trial and conviction by two-thirds, be dealt with agreeably to the by-laws. These ordain, that no member receive benefits for a disease induced by debauchery, drunkenness or offensive fighting; but that a culprit in any of these predicaments, being reported by the stewards to the next stated meeting, be expelled. The plaintiff was thus reported, and charged by the stewards with inducement of disease by intoxication; and at the next stated meeting, the hearing of the charge and the answer submitted, was adjourned. At the third meeting, though re-summoned, he failed to appear, but sent a written request for a further postponement; whereupon he was convicted and expelled by the requisite majority. Into the regularity of these proceedings, it is not permitted us to look. The sentence of the society, acting in a judicial capacity and with undoubted jurisdiction of the subject-matter, is not to be questioned

(Black and White Smiths' Society *v.* Vandyke.)

collaterally, while it remains unreversed by superior authority. If the plaintiff has been expelled irregularly, he has a remedy by mandamus to restore him; but neither by mandamus nor action, can' the merits of his expulsion be re-examined. He stands convicted by the sentence of a tribunal of his own choice; which, like an award of arbitrators, concludes him. Even were there not a sentence in the way, payment of his stipendiary allowance could not be enforced by action. The society never consented to expose itself to the costs and vexation of an action for every weekly pittance that might be in arrear. For open disregard of the prescribed forms of procedure, the remedy would be by mandamus to the proper organ; but that results from the visitorial power incident to the King's Bench, which is reserved to this Court by the act of 1722, and which enables it to supervise and correct the abuses of inferior jurisdictions. The remedy by action was therefore misconceived.

Judgment reversed.