William M. Myers, Appellant, v. P. A. Fritchman, I. J. Bachman, and others, associated in an unincorporated association as Cradle of Liberty Council, No. 124, O. U. A. M., Freemansburg, Pa.

*Sick benefit association—Claims of members—Proper tribunal—Jurisdiction, C. P.*

The constitution and by-laws of an unincorporated sick benefit association derive their force from assent either actual or constructive, and are binding on its members. Courts are without jurisdiction to inquire into the merits of questions which have been passed upon by the organization in the regular course of business, provided those questions are within the scope of its powers.

A member of a sick benefit association cannot recover in the courts a sum alleged to be due him when the regular tribunal constituted by the constitution to pass on such claims has reported adversely after regular proceedings and opportunity for a full hearing.

Argued Dec. 8, 1897. Appeal, No. 81, Oct. T., 1897, by plaintiff, from judgment of C. P. Northampton Co., Sept. T., 1896, No. 69, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Appeal from judgment of a justice of the peace in favor of plaintiff for $223. Before SCHUYLER, P. J.

It appears from the record and evidence that plaintiff claimed sick benefits from an unincorporated sick benefit association, the defendant, of which he was a member. It appears that the plaintiff's claim had been submitted in accordance with the provisions of the constitution to the tribunal of the association constituted thereby for the determination of such matters, by which tribunal it had been rejected.

The court charged the jury as follows :

The facts admitted by the pleadings are as follows : The plaintiff submitted the claim in suit to the decision of the local council defendant, who rejected the claim, whereupon the plaintiff appealed to the state council, which dismissed the appeal.

[By section 5, article 2, of the constitution, it is provided that the decision of the local council upon claims of this kind is final, subject to an appeal to the state council.

In the opinion of the court this constitutes the claim, an adju-. dicated claim, and there can be no appeal from the decision of the local council under any circumstances to the court of common pleas for the purpose of having the claim readjudicated.] [1]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1) To portions of the judge's charge, reciting same.   (2) In directing the jury to find a verdict for the defendant.

*William C. Loos*, for appellant.—A by-law imposing forfeiture is void in the absence of a statute expressly conferring power: Phillips v. Allen, 41 Pa. 481.

Where a forfeiture is set up in defense, the burden is upon the association to prove the regularity of the proceedings: Crumpton v. Pittsburg Council, 1 Pa. Superior Ct. 613.

Conflicting circumstances or allegations should be submitted to the jury for determination: Moore v. Miller, 8 Pa. 272.

There is no error in the constitution or prohibition against a member's right to have the justice of his claim adjudicated by the courts.   A similar defense was introduced and rejected in Dobson v. Hall, 1 Dist. Rep. 401.

A by-law that attempts to oust the jurisdiction of the court is void: Sweeney v. Beneficial Soc., 14 W. N. C. 466.

The court has jurisdiction to examine into the proceedings of beneficial associations: Manning v. Kline, 1 Pa. Superior Ct. 210.

*O. H. Meyers*, for appellees.—The courts entertain a jurisdiction to preserve these tribunals in the line of order and to correct abuses; but they do not inquire into the merits of what has passed in rem judicatum in a regular course of proceeding: Porter v. Boone, 8 W. & S. 251; Toram v. Beneficial Assn., 4 Pa. 519.

The constitution and articles of a voluntary association are law as to its members: Moxey's Appeal, 9 W. N. C. 441; Sperry's Appeal, 116 Pa. 391; Com. v. Union League, 135 Pa. 301.

OPINION BY SMITH, J., February 19, 1898:

The plaintiff, a member of Cradle of Liberty Council, O. U. A. M., No. 134, Freemansburg, Pa., an unincorporated society, sues the society for sick benefits to which he alleges he is entitled under its constitution and by-laws. The defense is that this constitution provides for the adjudication of all claims by tribunals of the order, and that the plaintiff has been heard by these and determined against him.

One section of the constitution referred to provides for the reference of certain cases to a physician, " whose report, if approved by the council, shall be final, subject to an appeal to the State Council; " and another section provides for an appeal from the state to the national council. The plaintiff's case is one that falls within these provisions.

There is no controversy as to the facts on which the defense rests. They are set forth in an affidavit of defense, the averments of which, not being negatived by the declaration or denied by replication, are, under a rule of the court below, to be taken as admitted. An adverse report of a physician on the plaintiff's claim, supplemented by a like report by the relief committee, and a further investigation made at the plaintiff's request, with the same result, was duly approved by the local council, and on an appeal by the plaintiff was approved by the state council. Thereupon the plaintiff, instead of appealing to the national council, brought this action.

. It has long been settled that when one becomes a member of such an organization as this he accepts and is bound by the rules adopted for its government. His rights and liabilities are regulated by those rules, whether they be called a constitution, or by-laws, or both, provided they are not in contravention of the laws of the commonwealth: Com. v. Society, 8 W. & S. 247 ; Com. v. Union League, 135 Pa. 301. This doctrine has been recognized in many other cases, and is in conflict with none. While perhaps most of the reported cases were begun by mandamus, the principle applies to all proceedings in which rights arising from membership are involved. The question was raised in an action on the case to recover benefits, in Society v. Vandyke, 2 Wharton, 309, and the doctrine was there laid down that the by-laws of a body like the present, derive their force from assent, either actual or constructive, and are binding

on its members. This principle has been adhered to ever since. In Com. v. Benef. Society, 8 W. & S. 247, supra, it was said by SERGEANT, J. " The charter to the defendants below, provides for the offense, directs the mode of proceeding, and authorizes the society, on conviction of the member, to expel him. This has been done, after a hearing and trial, according to the mode prescribed; at least, there is no allegation of the irregularity of the proceeding. Under these circumstances the sentence is conclusive on the merits, and cannot be inquired into collaterally either by mandamus or action, or in any other mode." Courts are without jurisdiction to inquire into the merits of questions which have been passed upon by the organization in the regular course of the business, provided those questions are within the scope of its powers. When the organization acts in a judicial capacity with reference to matters of which it has undoubted jurisdiction under its laws, its decisions are conclusive on members and all those who claim under its laws; hence they cannot resort to the courts with alleged grievances which have thus been passed upon. By uniting in membership they designate the organization as the forum of their choice relative to all membership questions, and its rules determine their rights and duties. Courts may judge of the cause so far as to ascertain whether it be within the jurisdiction of the organization, and whether the prescribed forms have been observed in dealing with the question, but cannot review the case on the merits: Com. v. Union League, supra. In McAlees v. Order Iron Hall, 12 Cent. Rep. 415, it was said, per curiam: " We have often held that a member of a beneficial society must resort for the correction of an alleged wrong, to the tribunals of his order, and that the judgment of such tribunals, when resulting fairly from the application of the rules of the society, is final and conclusive." This case bears some features similar to those of the case in hand, notably the provisions with reference to the adjustment of differences and the finality of the judgment pronounced. The policy of the law is to encourage the amicable settlement of differences arising in those societies, in accordance with their rules, when within the scope of their objects, and thus avoid the annoyance and expense of public legal controversies over private matters, in violation of charter obligations. It was said by Chief Justice GIBSON in Society. v Vandyke, supra, " Even

were there not a sentence in the way, payment of his stipendary, allowance could not be enforced by action. The society never consented to expose itself to the costs and vexation of an action for every weekly pittance that might be in arrear."

As has been said by our highest court, " a member must resort to the tribunal of his order, and the judgment of such tribunal is final and conclusive." In seeking rights arising under the constitution of the order, he must pursue the methods provided by this constitution. In the present case, the order to which the plaintiff belonged has, by its constitution, provided tribunals for the settlement of his claim. He was bound to resort to these, and is concluded by their adjudication. He does not deny that their proceedings in relation to his claim were regular, nor that he had full opportunity of being heard. Their jurisdiction is not to be transferred to the courts of law because of an adverse decision, or his failure to employ or to exhaust the methods provided for its exercise. The court below, therefore, properly directed a verdict for the defendants.