## E. H. Chenoweth, Councilor, representing Frank P. Blair Council, Junior Order of United American Mechanics, an Unincorporated Association, *v.* George H. Harris, President, representing the Junior American Mechanics Funeral Benefit Association of the United States, an Unincorporated Association, Appellant.

*Unincorporated beneficial association—Death benefit—By-laws construed.*
The right of a council of the American Mechanics Funeral Benefit Association to recover for a death benefit must depend on the proper construction of the by-laws of the association and not upon an alleged accepted construction by its members.

*Defaulting council—Nonparticipating—By-law construed—Words and phrases—Until.*
Where a by-law precludes from participation any council of a benefit association in arrears for assessments and fines " until all assessments and fines charged to them are paid," the word " until " is to be construed according to its ordinary meaning, namely, " to the time when " the assessments and fines charged because of default are fully paid, unless, upon further default, the council should be suspended.

Argued Oct. 13, 1899.   Appeal, No. 90, Oct. T., 1899, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1898, No. 121, for want of a sufficient affidavit of defense.   Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter, W. D. Porter and Beeber, JJ.   Affirmed.   Opinion by Beaver, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that this was an action of assumpsit to recover for funeral benefit.   Defendant filed the following affidavit of defense :

George H. Harris, being duly sworn, deposes and says that he is the president of the association named in the title of this case, and that as such he has a just, true, and legal defense to the whole of the plaintiff's claim in this case of the following nature and character, to wit :

1. That the said E. H. Chenoweth, the plaintiff, has no lawful right to sue for or receive the amount claimed in this case,

nor any part thereof, but on the contrary, according to section 2 of article 11 of the by-laws of the association which said E. H. Chenoweth claims to represent, which by-laws form a part of plaintiff's statement, it is provided that for the benefits due by defendant association " a check drawn to the order of the treasurer of the council" claiming said benefits shall be issued for the payment of same, and also because of other sections of said by-laws.

2. That said council which plaintiff claims to represent became a member of the defendant association May 20, 1893, and that the present by-laws of said defendant were adopted on February 22, 1897, since which time section 6 of article 7 of said by-laws attached to plaintiff's statement has been construed and accepted by all members of defendant association without protest, and by common consent among all the councils forming said defendant association, to mean that no death benefit can be claimed for any death which has occurred while the council to which the decedent belonged was indebted for an assessment more than thirty days, and that said arrearage barred all claim for any benefit arising from said death.

3. That deponent is informed, advised and believes that plaintiff is not entitled to recover in this action under the by-laws of said defendant association.

The court entered judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. W. Smithers*, for appellant.—The statement admits that the council named in the title is an unincorporated association, yet nowhere is there any averment of the suit being by, or on behalf of, the members of such council.

The law is well settled that unincorporated associations must sue either in the names of certain of the members in behalf of themselves and others interested in the association, naming it, or in the name of the association by certain of its members, naming them; in either event the facts must be properly averred: Singing Society v. Turn-Verein, 163 Pa. 265.

The second section of the affidavit avers that the action of

defendant association was according to the interpretation put upon these by-laws by the plaintiff association itself from the time the by-laws were adopted. It would be inequitable to allow one member to recover under the same circumstances which had been the basis of refusal to pay other members.

The by-laws of an unincorporated benefit association derive their force from assent, either actual or constructive, and are binding on its members : Myers v. Fritchman, 6 Pa. Superior Ct. 580.

Aside from the interpretation given the by-laws by the plaintiff council itself, the ordinary meaning of the language used prevents a recovery in this case.

This dispute was regularly submitted to the tribunal agreed upon by both parties, and its decision against the plaintiff council is final : Myers v. Fritchman, 6 Pa. Superior Ct. 580.

*J. Martin Rommel*, for appellee.—Can the word " until," above referred to, imply anything except a limit of time after which the right to participate in the funds, which has been temporarily debarred, again accrued ?

Taking into consideration that the defendant is an organization for the mutual benefit of its members, as shown by the by-laws, and that a forfeiture of the plaintiff's rights is against the policy of the law, such forfeiture is not to be implied unless by the laws of the order it is clearly expressed. If the law is in its terms of doubtful meaning, the doubt must be resolved in favor of the plaintiff : Knights of Honor v. Abbott, 82 Ind. 1.

If there is a provision in the by-laws of such an organization that the claimant must pursue his remedies only through the channels of the order as therein laid down, and that the findings thus had are conclusive, then, of course, the claimant, being a party to the by-laws, is bound by them, and cannot recover in an action at law; unless, however, the findings of such an organization as to its liability are made final and conclusive by the provisions of the by-laws, the claimant still has his remedy in a court of law if he considers himself aggrieved : Dobson v. Hall, 1 Pa. Dist. Rep. 401.

OPINION BY BEAVER, J., November 20, 1899 :
Judgment was entered in the court below for the plaintiff for

want of a sufficient affidavit of defense. The grounds of de-
fense, as stated in the defendant's affidavit, were, (1) that the
plaintiff had "no lawful right to sue for or receive the amount
claimed in this case;" (2) that the defendant association, of
which the council which plaintiff claims to represent became a
member May 20, 1893, had construed the by-laws of the asso-
ciation adopted February 22, 1897, which construction had been
"accepted by all members of defendant association without pro-
test and by common consent among all the councils forming
said defendant association, to mean that no death benefit can be
claimed for any death which has occurred, while the council to
which the decedent belonged was indebted for an assessment
more than thirty days, and that said arrearage barred all claim
for any benefit arising from said death;" and (3) "that depo-
nent is informed, advised and believes the plaintiff is not enti-
tled to recover in this action under the by-laws of said defendant
association."

The plaintiff brought his suit in his representative capacity,
and, inasmuch as by section 2 of article 8 of the by-laws of the
defendant association, it is made "the duty of the councilor
to look after all business of the council with this association,"
and he is also thereby made "the medium of communication
between the council and the association in differences which
may arise regarding membership or assessments," it would seem
that both by the by-laws of the association itself and by the
general rule governing such actions this suit was well brought.
See Singing Society v. Turn Verein, 163 Pa. 265. It is not in-
timated in the second paragraph of the defendant's affidavit that
the plaintiff is legally barred from bringing his action because of
"the accepted construction of all the members of defendant as-
sociation, without protest and by common consent, of the by-
laws governing the claim for death benefits during the arrearages
of the council to which the deceased member belonged." And
inasmuch as the said construction is not by the by-laws made
conclusive of the plaintiff's rights, he is not thereby deprived
of his remedy at law. The case of Myers v. Fritchman, 6 Pa.
Superior Ct. 580, cited by appellant, construes the constitution
of a beneficial association in which the report of a physician
approved by the council was made final, but we have no such
provision here. It may also be properly remarked, as suggested

by appellee, that the plaintiff's rights had accrued before the
alleged construction was made.   So far, therefore, as this part
of the defense is concerned, the judgment might well be sus-
tained without further inquiry.   We are of opinion, however,
that the contention of the appellee in regard to the construction
of section 6 of article 7 of the by-laws of the defendant associa-
tion is, from a legal standpoint, the proper one.   The said sec-
tion reads as follows :  "Any council failing to pay an assessment
by the last day of the month shall be fined five cents additional
for each and every member, as per the assessment, and shall be
debarred from all participation in the funds or any of the ben-
efits of this association, until all assessments and fines charged
to them are paid, and, should the neglect continue for another
month, the council shall be marked 'suspended.'"   The word
"until" is to be construed according to its ordinary meaning,
namely, "to the time when," that is, that the council failing to
pay an assessment, as provided in this section, shall be debarred
from participating in benefits until and only to the time when
the assessments and the fines charged because of default are
fully paid, unless, upon further default, the council should be
suspended.   The case of Knights of Honor v. Abbott, 82 Indi-
ana, 1, cited by appellee, contains an interesting discussion of
this question.

It is not necessary to comment upon the third ground of
defense, as it is vague and uncertain, no articles or sections of
the by-laws being set out under which the defendant alleges
the plaintiff "not entitled to recover."   On the whole case, as
presented by the plaintiff's statement of claim and the defend-
ant's affidavit of defense, we think the plaintiff clearly entitled
to recover and the judgment is, therefore, affirmed.