## Wick *v.* Fraternities Accident Order, Appellant.

*Beneficial association—Accident benefits—By-laws—Decision of tribunal established by association.*

The by-laws of a beneficial association provided for an appeal from the decision of the grand executive committee within thirty days to the grand councilor, and from the grand councilor to the grand council within sixty days after the decision is rendered.   A member claiming an accident benefit called at the office of the association where he met the president, secretary and grand councilor.   He presented his claim to them, but was refused.   He inquired " if there was anything further to do," and was told

that he could appeal, but that it would not be of any advantage to him to do so, as the appeal would be heard by the same parties who had that day disposed of his claim.   The claimant took no appeal.   *Held* that the plaintiff was bound to pursue and exhaust the course provided by the by-laws.

Argued May 13, 1902.   Appeal, No. 69, April T., 1902, by defendant, from judgment of C. P. Butler Co., March T., 1901, No. 48; on verdict for plaintiff in case of Lewis C. Wick v. Fraternities Accident Order.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Appeal from judgment of justice of the peace.

Action to recover accident benefits.   Before GREER, P. J.

The opinion of the Superior Court states the case.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $104.   Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*William R. Murphy*, with him *Stephen Cummings*, for appellant.—Where the laws of the association provide a remedy for the grievance complained of, which has not been pursued and exhausted, such fact is a perfect defense to the action in the courts : Smith's Society v. Vandyke, 2 Wharton, 309 ; Bryan v. Society, 8 W. & S. 247 ; German Reformed Church v. Commonwealth, 3 Pa. 282 ; Toram v. Association, 4 Pa. 519 ; Society v. Meyer, 52 Pa. 125 ; Sperry's Appeal, 116 Pa. 391 ; Commonwealth v. Union League, 135 Pa. 301 ; Leech v. Harris, 2 Brewster, 571 ; Miller v. Wolf, 18 Lancaster Law Rev. 105 ; Shreffler v. Pride of the West, Castle No. 28, 32 Pittsburg Legal Jour. N. S. 37 ; Myers v. Fritchman, 6 Pa. Superior Ct. 580.

Officers of a mutual insurance company have no authority to waive its by-laws which relate to the substance of the contract between an individual member and his associates : Baxter v. Insurance Co., 83 Mass. 294 ; Evans v. Insurance Co., 91 Mass. 329 ; Hale v. Insurance Co., 72 Mass. 169 ; Brewer v. Insurance Co., 80 Mass. 203 ; Mulrey v. Insurance Co., 86 Mass. 116 ; Swett v. Society, 78 Maine, 541 (7 Atl. Repr. 394) ; Burbank v. Association, 144 Mass. 434 (11 N. E. Repr. 691) ; McCoy

v. Insurance Co., 152 Mass. 272 (25 N. E. Repr. 289); Lyon
v. Society, 153 Mass. 83 (26 N. E. Repr. 236); Kocher v.
Legion, 48 Atlantic Repr. 544; Miller v. Association, 42 N. J.
Eq. 459 (7 Atl. Repr. 895); Ellis v. Alta Friendly Society, 16
Pa. Superior Ct. 607.

*J. D. Marshall,* for appellee, cited : Fritz v. Lebanon Mut.
Ins. Co., 154 Pa. 384 ; Roe v. Dwelling House Ins. Co., 149
Pa. 94 ; Campbell v. Mut. Accident Assn., 172 Pa. 561; Mc-
Farland v. Ins. Co., 134 Pa. 590 ; McCormick v. Ins. Co., 163
Pa. 184.

OPINION BY ORLADY, J., December 13, 1902:

The plaintiff brought suit to recover $200 from the defendant
association under a certificate of membership which provided
that in case of an accident he should receive, at the rate of
$25.00 a week, not exceeding fifty-two weeks, for the time he was
suffering and disabled from the accident.    No question is raised
as to the standing of the plaintiff in the association at the time
the accident occurred.    A proper claim was made and the lia-
bility of the company was denied.    The accident occurred on
April 26, and the defendant company was notified on April
30, which notice was soon followed by a personal visit of the
claimant to the office of the company, where he met the secre-
tary, the president, and an officer called grand councilor, who
notified him that the company was not liable, for the reason
that he had voluntarily withdrawn or thrown himself from the
bicycle on which he was riding at the time he received his
injury, and that it was not an accident ; and for a further reason
that he did not look and listen, or dismount from his wheel,
before attempting to cross the railroad track.    After he had
been informed of the decision against his claim, he inquired " if
there was anything further to do," and was told that he could
appeal, but that it would not be of any advantage to him to
do so, as the appeal would be heard by the same parties who
had that day disposed of his claim.    This is a mutual benefit
society, and its by-laws are a part of the contract made with
its members and binding on all, whether officers or not.    It
is of first importance that they should be enforced, so as to
give effectual insurance to each member on equal terms, con-

ditions and restrictions.   The plaintiff was notified on Octo-
ber 29, by letter from the secretary, that "the next step
for you to take, according to the laws of this order and which
are a part of your contract of membership, is to appeal your
claim to the grand councilor within thirty days." This he
did not do, and his claim is impaled on a technicality which
could have been avoided by literally complying with the by-
law of the association regulating appeals: "Section 32.   Any
member, beneficiary or other claimant, considering the decision
of the grand executive committee against him in respect to a
claim for benefits or other matter, unjust and not in accordance
with the laws of the order, shall appeal in the following man-
ner, to wit: From the decision of the grand executive commit-
tee, within thirty days, to the grand councilor; from the grand
councilor to the grand council, within sixty days after the de-
cision is rendered." The president did not have authority to
speak for, nor to anticipate the action of the grand council, as
he was not a member of that tribunal.   The grand councilor
and grand secretary with a number of other officials constituted
the grand council, which was, by the laws of the association,
the tribunal of last resort of all matters emanating from the
councils.   The appellant was illy advised or deceived by the
grand officers who owed to him faithful instruction; and in
following their suggestions, he is left without a remedy, as he
was bound to know the laws of the association, and act in ac-
cordance with their requirements.   The laws of the associa-
tion, of which the plaintiff was a member, provided a course
which must be pursued and exhausted, and unless so dealt
with, the claimant is without remedy: Myers v. Fritchman,
6 Pa. Superior Ct. 580.

It is not necessary to consider the other assignments of error,
and for the reason given, the judgment is reversed.