## Robinson, Appellant, v. Harshaw.

*Beneficial associations—Revocation of charter of subordinate lodge—Remedy provided by constitution of the society—Equity.*

A bill in equity to compel the grand lodge of a beneficial association to reinstate a subordinate lodge whose charter had been re-voked for alleged insubordination, will be dismissed where there is nothing in the pleadings or in the proof to show that the plaintiffs had made any attempt to pursue the specific remedy provided by the constitution of the association, and it appears that the constitution provided that until such remedy had been exhausted "no resort shall be had to any court of civil or criminal jurisdiction."

Argued Dec. 14, 1915.    Appeal, No. 28, Oct. T., 1915, by plaintiffs, from decree of C. P. No. 2, Philadelphia Co., Dec. T., 1913, No. 5325, dismissing bill in equity in case of Benjamin Robinson, et al., officers and members of the Philadelphia True Blue Loyal Orange Lodge No. 59, of the Loyal Orange Institution of the United

States v. David Harshaw, et al., officers, etc., of the Supreme Grand Lodge of the Loyal Orange Institution of the United States. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an injunction. Before SULZBERGER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*Walter Sheppard,* with him *Porter, Foulkrod & Mc-Cullagh,* for appellants.—Where a member of an organization, otherwise in good standing, applies to a court for relief against an alleged illegal expulsion, the burden is upon the defendant society, which has all the evidence in its possession, to exhibit to the court all the facts necessary to establish the validity of the expulsion complained of: Society, Etc., v. Com., ex rel., 52 Pa. 125; Washington L. O. L. No. 137 v. Buchanan, 24 Dist. Rep. 563; Com. v. Penn Beneficial Inst., 2 S. & R. 140; Metropolitan B. B. Club v. Simmons, 17 W. N. C. 153; Young v. Sons of Progress, 173 Pa. 302; Com., ex rel., v. Heilman, 241 Pa. 374; Wicks v. Monihan, 130 N. Y. 232; Golden Star Lodge v. Watterson, 158 Mich. 696; Curran v. O'Meara, 211 Mass. 261.

*Alexander M. DeHaven,* with him *Matthew Randall,* for appellees.—Where the by-laws of an association provided that no suit shall be brought against the association until the remedies within the body have been exhausted, a suit cannot be maintained where it appears that the person or persons seeking redress failed to comply with the by-laws which govern the association. Such laws are binding upon the association and all its members: Beeman v. Supreme Lodge, 29 Pa. Superior Ct. 387; Wick v. Accident Order, 21 Pa. Superior Ct. 507;

McGary v. McDermott, 207 Pa. 620; Bixler v. Heilman, 44 Pa. Superior Ct. 603; McCullough v. Barr, 145 Pa. 459.

OPINION BY ORLADY, P. J., July 18, 1916:

The bill in equity brought by the plaintiffs was dismissed by the court below in accordance with Rule 68 of the rules of equity practice in this State for the reason that, upon the close of the complainant's evidence the court was of the opinion that the case made in the bill had not been sustained. His opinion sets forth that "an examination of the pleadings fails to show any statement of the real cause of the revocation of the charter of Lodge No. 59, nor does the evidence satisfactorily supply the defect. There is, it is true, certain items from which, with the knowledge supplied to us in the hearing in the case of Crawford v. Leckie, and the case of Gilmore v. Cairns, on the same day, we might make reasonable inferences. In short, the probabilities are that Lodge No. 59 was somehow connected with a number of lodges that organized a picnic at which liquor was to be sold and the lodges concerned were to share in the profits of the sale ........ The relation between the Grand Lodge and the subordinate lodges are peculiarly within the province of the constituted authority of the order, and courts are not authorized to manage their mere details. There is no sufficient evidence to show what the real difficulty was. If the lodge was, without adequate cause, unjustly deprived of valuable rights, it was the duty of the plaintiffs to show it. They have not done so."

It appears that the Supreme Grand Master, on April 5, 1913, gave official notice to the officers and members of all lodges of the Loyal Orange Institutions in the State, that he had found it "necessary to suspend Brother David Filson from the office of State Grand Master, pending trial on charges that have been lodged against him and in conformity with the provisions of the constitution in such cases, named John Donaldson as

Acting State Grand Master." Donaldson, as State Grand Master, by an official notice dated November 14, 1913, revoked the charter of Philadelphia True Blue Lodge for gross insubordination, and demanded the charter, seal, etc., to be delivered to him.

The 13th section of the code article of the General Laws of the Supreme Grand Lodge provides—"No resort shall be had to any court of civil or criminal jurisdiction until the person or lodge aggrieved shall have first exhausted all the remedies given to him, or it, for redress within the order"—and Section 7, of the same article provides—"should any member charged with a violation of the laws be dissatisfied with the decision, he may appeal to the next higher lodge, notice of such appeal shall be filed with the secretary of the lodge from which the appeal is taken, within thirty days of the date of sentence, otherwise the sentence shall stand as final."

There is no averment in the bill, nor any evidence produced at the trial to show that any appeal had been taken from the decision made by the State Grand Master revoking the charter of Lodge No. 59. The plaintiffs allege that they are deprived of their rights and privileges as members of the lodge, by the revocation of its charter for gross insubordination, and fail to adduce any proof that they have exhausted the laws of their association in taking the appeal provided in such cases.

The substantial averments of the bill are specifically denied, and the testimony offered is not sufficiently clear to warrant the court in making the decree prayed for: Bixter v. Heilman, 44 Pa. Superior Ct. 603. The laws of the association provided a course which must be pursued and exhausted, and unless so dealt with, the plaintiffs are without remedy: Wick v. Fraternities Order, 21 Pa. Superior Ct. 507; Beeman v. Supreme Lodge, 29 Pa. Superior Ct. 387. On review of this case on appeal in 215 Pa. 627, the Supreme Court held,—The laws, rules and regulations of the order having been offered in evidence, and being upon the record, it is competent for

the court to pass upon all the questions raised by them. The by-laws provided a method by which the member could compel the lodge to reinstate him,....... This is a reasonable regulation for the settlement of disputes within the society, and under the cases cited is binding upon the members.

The learned judge of the court below clearly demonstrates that the uncertainty of the plaintiff's case is such, that, the bill was properly dismissed for lack of proof.

The decree is affirmed.

HENDERSON and KEPHART, JJ., dissent.