## Lyons *v.* Philadelphia Savings Fund Society et al., Appellants.

*Equity—Equity practice—Dismissal of bill—Notice of—Nature of nonsuit—Res adjudicata.*

Where in an equity case no evidence is taken on behalf of the defendant, and the trial judge enters a decree that "in accordance with Rule 68 of the Equity Rules I find that the plaintiff's case has not been sustained, and that the bill should be dismissed" and the court in banc enters a decree dismissing the bill, such decree has the effect of a nonsuit at law, and does not bar the plaintiff from filing a second bill.

Argued Oct. 8, 1918. Appeal, No. 50, Oct. T., 1918, by defendant, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1916, No. 2654, on bill in equity in case of William Lyons, Master; James C. Lamont, Deputy Master; Joseph Armstrong, Recording Secretary; William J. Cascadden, Financial Secretary; John McClellan, Treasurer; William Craig, Benjamin Robinson and James Killen, Trustees; Officers and Members of the Philadelphia True Blue Loyal Orange Lodge, No. 59, of the Loyal Orange Institution of the United States, for themselves and all other officers and members of the said Lodge, an unincorporated Society, v. The Philadelphia Savings Fund Society and David Harshaw, John Cordner and Archibald Cook, Trustee. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction, and for a decree on the Philadelphia Savings Fund to pay over money.

See Robinson v. Harshaw, 63 Pa. Superior Ct. 482, and Dunlap v. Harbinson, 66 Pa. Superior Ct. 564.

The case turned on whether the matters were res adjudicata by reason of the decree in Robinson v. Harshaw, 63 Pa. Superior Ct. 482, a case between the same parties. In that case the trial judge, after the presenta-

tion of plaintiff's case, and with no evidence heard on behalf of defendant, entered a decree as follows: "In accordance with Rule 68 of the Equity Rules, I find the plaintiff's case has not been sustained and that the bill should be dismissed." The court in banc subsequently dismissed the bill.

In Dunlap v. Harbinson, 66 Pa. Superior Ct. 564, it was held that the authority of the legally constituted State Grand Lodge of the Loyal Orange Institution of the United States to which Lodge No. 59 belonged governed all questions involving the status of subordinate lodges over which that body had jurisdiction.

In the present suit the court below held that the case was not res adjudicata and entered a decree in favor of the plaintiffs.

*Error assigned* was decree of the court.

*Alex. M. DeHaven,* with him *Matthew Randall,* for appellants.—The matters were res adjudicata: Rauwolf v. Glass, 184 Pa. 237; Bell v. Allegheny County, 184 Pa. 296; Kilheffer v. Herr, 17 S. & R. 318; Lafferty's Est., 230 Pa. 496; Myers v. Kingston Coal Co., 126 Pa. 582; Moser v. Philadelphia, Harrisburg, Etc., R. R. Co., 233 Pa. 259; Wescott v. Edmunds, 68 Pa. 34; Washington, Etc., Steam Packet Co. v. Sickles, 72 U. S. 580; Funk v. Young, 254 Pa. 548; Shaffer v. Lauria, 64 Pa. Superior Ct. 265.

*W. L. Sheppard,* with him *Porter, Foulkrod & McCullagh,* for appellees, cited: Blood v. Crew-Levick, 177 Pa. 606; Funk v. Young, 254 Pa. 548.

OPINION BY KEPHART, J., January 3, 1919:

The only matter for our consideration is the effect of Equity Rule No. 68. When the case of Robinson v. Harshaw, 63 Pa. Superior Ct. 482, was before this court, the decree that was entered by the court below and

here affirmed was as follows: "In accordance with Rule 68 of the Equity Rules, I find the plaintiffs' case has not been sustained and that the bill should be dismissed." Rule 68 reads: "If the judge or referee, upon the close of complainant's evidence, shall be of the opinion that the case made in the bill has not been sustained, he shall have power to enter a decree of dismissal without hearing evidence on behalf of the defendant. Such decree shall have the effect of a nonsuit at law, but a refusal of the court, after motion and argument, to change the decree, shall be considered a final decree for all purposes. The court in banc in every such case shall file an opinion specifically setting forth its reasons for refusing to change the decree of dismissal." No evidence was there taken in behalf of the defendant. While some had been offered, it was not received, and the record shows there was no evidence taken on behalf of the defendant when the court made the decree. We are not satisfied, from our examination of the court's opinion, that there was any attempt to determine the case on its merits. From the record, as it is now presented, we conclude that the court below was right in holding that the dismissal of the bill under Rule 68 was in effect to enter a nonsuit at law. The words "the decree shall be considered final for all purposes," after argument in banc, does not enlarge the original scope of the nisi decree so as to make it a final decree on the merits. It does cause the decree thus entered to be such final decree as enables the complainants to appeal or enter a new action as in the case of a nonsuit. In Thomas v. Borden, 222 Pa. 184, the court says: "This dismissal of the bill without hearing evidence on the part of the defendant was under Equity Rule 68, and the effect of it was a nonsuit at law." This was after argument before the court in banc.

The decree of the court below is affirmed.