## McIntyre's Case.

Argued January 29, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

46

*J. Julius Levy,* for appellants.

*Stanely F. Coar,* with him *David J. Reedy* and *M. J. Murray, Jr.,* for appellee.

Opinion by Mr. Justice Linn, March 25, 1935:

This appeal is from the refusal to remove a school director, Patrick F. McIntyre, from the board of a school district of the third class. Our jurisdiction is limited: Davis's App., 314 Pa. 357, 361, 172 A. 399; we are not authorized to "weigh the evidence nor in other respects substitute our discretion for that of the court below, although, upon facts definitely ascertained, we will correct conclusions of law erroneously made": Geary's App., 316 Pa. 342, 352, 175 A. 544; Meiss's App., 317 Pa. 28, 176 A. 199.

The question for discussion has been simplified by counsel for appellants as follows: "The sole issue in this case is whether McIntyre voted affirmatively to pay the several bills, for which work and supplies not in compliance with the code were purchased and performed."

Before this suit was brought, a number of members of this school board, including the treasurer, were removed for acts (apparently those involved in this case) in violation of the School Code. McIntyre was not included in that proceeding. The removed directors, called on behalf of petitioners, testified that McIntyre voted in favor of paying the bills; with one exception, he is so recorded in the minutes of the board. He denied that he voted in the affirmative and asserted that the minutes were incorrect. His testimony is not without corroboration. The evi-

dence was taken before three judges of the court in banc. A majority of them concluded that McIntyre's "statement is more credible to us than that of the petitioners. While the minutes are conclusive of the facts therein recorded, in the absence of corruption, bad faith, or abuse of power, and cannot be contradicted by parol evidence, we believe the evidence of bad faith and abuse of power is sufficient in this case to permit their contradiction: Whitehead v. School Dist., 145 Pa. 418, 429, 22 A. 991." The rule to show cause why the director should not be removed was, therefore, discharged.

As the jurisdiction of the court below is conceded, and, as we may not weigh the evidence to determine whether we should have come to the same conclusion as that reached by the learned court below, we turn to the record to see whether there is evidence to support the facts on which the decision is based.

The bills in question were paid between November, 1930, and December, 1931. The minutes for some of the meetings held between those dates are challenged. The witness who produced the minute books had been secretary only since December, 1933, and had no personal knowledge of what preceded that date. A clerk who did the writing, but who was not present at the meetings, was called. She testified that she wrote them into the minute book from notes given to her by the secretary or secretary pro-tem after the meeting. "There was never any certain time" for receiving these notes; it may have been from one to three weeks afterward. A secretary pro-tem, who took notes for some of the meetings, testified that he had his notes transcribed from his shorthand memoranda and gave them to the clerk for entry into the minute book. The minutes are not signed by the secretary or otherwise authenticated. They are not recorded in the order of meeting: the minutes of the meeting of November 13, 1930, appear prior to the meeting of November 3d. As to one meeting, there is some dispute whether a resolution, recorded as having been adopted after the ad-

journment of the meeting, was passed during the meeting or afterward. In the minutes of some meetings, an absent member is recorded as having moved the adoption of resolutions that were passed. During the period when McIntyre was said to be a member of the finance committee, he never signed any of the reports approving payment of any of these bills.

McIntyre's general position was that in October, 1930, he learned that a bill for school books was improperly paid and that, after protest on the subject, he decided not to vote in favor of the payment of bills, being, as he also contended, a "minority" director. Concerning this book bill, he is corroborated by another member of the board who also testified he became "suspicious of every other bill that would pass the board and . . . refused to vote on any bills thereafter other than payroll, bonds, interest and things of that nature, but . . . refused to vote for anything with bills attached to it." There is dispute in the evidence concerning lists of "bills attached," and said to have been acted on; these lists, some of which seem to have been prepared after the meetings, seem to have been temporarily affixed to pages of the minute book, instead of having been permanently incorporated in the text of the record of the action of the school board.

There is no doubt that the minutes, as described in the record, considered in the light of undisputed evidence, leave much to be desired as reliable memorials of the transactions of the board; considered also in the light of disputed evidence, they may deserve the condemnation stated by the learned court below. There is ample evidence, if believed, to support the order made; it was for the court below, in the first instance, to say whether this evidence was credible. We would not be justified in holding that there was abuse of discretion.

Order affirmed at appellants' costs.