## Miners Savings Bank of Pittston, Appellant, *v.* Duryea Borough.

Argued April 11, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*M. J. Mulhall,* with him *John T. Mulhall,* for appellant.

*William A. Valentine,* with him *Jonathan C. Valentine,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 30, 1938:

This is an action in assumpsit to recover an unpaid balance of $25,000.00 with interest from February 25, 1929, upon a promissory note of defendant borough. The case was submitted, under the provisions of the Act of March 23, 1870, P. L. 540, to a referee, who rendered a decision in favor of the plaintiff bank. The court below sustained exceptions to the referee's report and entered judgment for the borough upon the ground that a resolution, authorizing the execution of the note and the borrowing of the money for which it was given, was not recorded in the ordinance book of the borough, as required by law. Plaintiff appealed from this judgment.

The facts of the case, as found by the referee and approved by the court below, are not in dispute. It appears that, in May 1923, the borough of Duryea, in Luzerne County, borrowed from the plaintiff the sum of $30,000.00 upon the note in suit, which is dated May 25, 1923, payable six months after date. The purpose of the loan was to pay the current expenses of the borough, its pay rolls and other pressing obligations. The note was signed on behalf of the borough by the president and the secretary of the borough council, and by the burgess, and the borough seal was affixed. At the time the loan was made there was delivered to plaintiff a duly certified copy of a resolution purporting to have been passed by the borough council, signed by the officers of council and approved by the burgess, authorizing the officers named to borrow the sum mentioned, and to execute and deliver the note here in question. The instrument was authenticated by the secretary under the borough seal as "Certified from the records of the Borough of Duryea this 25th day of May, A. D. 1923." The note was not paid at maturity, and, except for a payment of $5,000.00 in 1926, no part of the principal of the note has been repaid. However, interest on the note was paid in full to February 14, 1929.

At the time the note in suit was given the statute regulating the powers and authority of boroughs to enter into contracts was the Act of May 14, 1915, P. L. 312, which has since been superseded by the General Borough Act of May 4, 1927, P. L. 519.[1] The court below based its decision upon Section 8 of Article I of Chapter VII of the Act of 1915 which provides that "No ordinance or resolution shall be considered in force until the same is recorded in the ordinance book of the borough. . . ."[2] At the hearing before the referee plaintiff offered, as evidence that the note was properly authorized, the certified copy of the signed and approved resolution which it had received at the time the loan was made. Objection to this paper was made upon the ground that this resolution was not, in fact, recorded in the ordinance book of the borough for the year 1923. When this book was produced, it contained no record of such resolution. There appeared, however, under date of May 17, 1923, the following entry: "A resolution to borrow $30,000.00 from the Miners Savings Bank of Pittston, was read by the secretary. Moved by Mr. Jones, seconded by Mr. Brennan that the resolution be adopted as read. Motion carried. Passed unanimously."

The burgess and officers of the borough council who held office during the year 1923 testified that they were now unable to recall any of the details regarding this note, except that the loan was negotiated by the borough solicitor and that a resolution had been passed to borrow the money. From an examination of the borough records the referee found as a fact that this resolution "does not appear in said minute book or in any official

---

[1] The Act of May 8, 1929, P. L. 1636, amends various sections of the General Borough Act of 1927.

[2] The provision of this Section of the Act of 1915 with reference to advertising an ordinance or resolution was not made an issue in this case.

462

borough record or document." On the basis of this finding the court below held that the resolution authorizing the giving of the note in suit was not in force because compliance had not been made with the requirements of the Act of 1915, and that the note was therefore invalid.

It is a fundamental principle that the authority of a municipal body is to be found in the statute which confers it, and must be exercised strictly in the manner therein provided: *Carpenter v. Yeadon Borough,* 208 Pa. 396; *Ohlinger v. Maidencreek Twp.,* 312 Pa. 289. An enactment of a borough council providing for the creation of liability by contract is subject to the statutory requirement that it be recorded in the ordinance book and approved by the burgess: *Eddy v. Ashley Borough,* 281 Pa. 4. While it is clear in the instant case the legislative mandate was not obeyed, nevertheless a certificate was delivered to the plaintiff bank, executed by the proper officer under the borough seal, certifying that the resolution had been duly recorded in the records of the borough—that the steps required by the statute had been taken.

The duties of the borough secretary were prescribed by Section 6 of Article VI of Chapter VII of the Act of 1915, supra. Among other things it was his duty to "transcribe the by-laws, rules, regulations, and ordinances adopted, into a book kept for that purpose", and to "certify copies of any book, paper, record, by-law, rule, regulation, ordinance, or proceeding of the borough under the seal thereof, which copies so certified shall be admitted in evidence in any court of the Commonwealth."

Unquestionably the secretary of the defendant borough was required by the bank to furnish the certificate, showing the recording of the resolution authorizing the loan, as a condition precedent to the lending of the money. The obvious purpose of the statute in authorizing and permitting the use of certified copies of munic-

ipal documents was to avoid the necessity of reference to the original records by those dealing with municipalities. Municipal officers are presumed to have properly performed their duties and to have taken the steps necessary to give validity to their official acts: *Georges Twp. v. Union Trust Co.*, 293 Pa. 364; *Falkinburg v. Venango Twp.*, 297 Pa. 358; *Fleming v. Adamson*, 321 Pa. 28. The plaintiff therefore was fully entitled to rely upon the certificate tendered, as proper evidence of the borough's action. Under the provisions of the statute, this paper, when offered at the trial before the referee, was itself evidence of the fact of recording the resolution. Under these circumstances, the defendant borough cannot now be heard to assert that the certificate is false and the resolution was not recorded.

We find in *Bell v. Waynesboro Borough*, 195 Pa. 299, a similar contention there made. It was argued that certain bonds issued and sold by the borough council were invalid for the reason that at the time of their issuance no tax had been levied or assessed for their payment, as required by the Constitution of Pennsylvania. Nevertheless the borough authorities, in the statement required by law to be filed in the office of the clerk of the quarter sessions court, in advance of the issuance of the bonds, declared unqualifiedly that such tax had been levied. We affirmed the decision of the court below, holding that the bonds were valid, upon the opinion of Mr. Justice STEWART, then a Judge of the Court of Common Pleas, who said (p. 303) : "The objection to the legality of the $5,800 of bonds is equally without merit. The certificate filed by the clerk in the office of the court of quarter sessions was notice to the world that a tax had been assessed and levied for the redemption of these bonds. The only purpose in requiring a certificate to be filed, is that parties before contracting for such indebtedness may inform themselves as to its regularity. To require them to consult such a

notice, invite them to act upon it, and then deny them its protection, by allowing the municipality to assert that the notice was not true in point of fact, would be dishonesty of the rankest kind. The law sets no such traps."

The reasoning of that case may well be applied to the facts now before us. To permit the defendant borough to avoid liability upon the ground that statutory formalities have not been followed, after securing a loan upon the representation in writing under the borough seal that all the requirements of the statute were fulfilled, would be to encourage deceit and dishonesty in municipal dealings. Such statutory requirements are not intended to be applied in this manner. See *Addyston Pipe & Steel Co. v. Corry,* 197 Pa. 41; *McIntyre's Case,* 318 Pa. 45; *James v. Stonycreek Twp.,* 320 Pa. 363; *Machine Co. v. Allegheny Twp.,* 10 Pa. Superior Ct. 437.

It is further contended by defendant that if the note be valid, recovery thereon is barred by the statute of limitations, as the present action was instituted on October 19, 1936, more than six years after the last payment of interest on the note. There is no merit in this contention. The note here in suit is under seal and hence is not subject to the six-year limitation of the Act of March 27, 1713, 1 Sm. L. 76; *Borough of Port Royal v. Graham,* 84 Pa. 426; *Swaney v. Georges Twp. Road Dist.,* 309 Pa. 385.

The judgment of the court below is reversed and the record is remitted to the end that the judgment be entered for the plaintiff.