Kluz *v.* Maccabees, Appellant.

Argued April 22, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, RHODES, HIRT and KENWORTHEY, JJ.

*John F. Gloeckner,* with him *Robert Ritchie,* for appellant.

*Lawrence M. Sebring,* with him *George W. Moorhead,* for appellee.

OPINION BY BALDRIGE, J., July 1, 1941:

Helena Kluz brought an action of assumpsit against the Maccabees, the appellant herein, to recover the sum of $215 with interest thereon from the last day of July 1933. The court gave binding instructions to the jury to find a verdict for the plaintiff. This appeal is from the judgment entered thereon.

On the first day of April 1923, the plaintiff became a member of the Slovak Progressive Beneficial Union, hereinafter referred to as the "Union." Thereupon a certificate of membership was issued to her, and thereafter she paid her monthly dues of $2.75 up to and including the first day of April 1933, a period of ten years. Sometime in July of 1933, while the plaintiff was in good standing, she surrendered her certificate and demanded the amount of dues paid, totalling $330

with interest, less a loan of $115 made by the Union to her. This demand was refused.

The Union acknowledged its indebtedness to the plaintiff in an undated letter marked Exhibit "B", reading in part as follows: "In connection with the reorganization of the Society in accordance with plans adopted at the last Convention, the data necessary for you to choose your new Benefit Certificate is submitted herewith. ...... Your cash credit from dues paid to July 1, 1933, provided you have paid all your dues to this date, will be $385.04. Your 75% credit together with the interest to July 1, 1933, will be $281.08. Your loan of 50% of your cash credit together with interest to July 1, 1933 will be None. This leaves a net credit to your account of $161.08 ...... You can take either $500, or $1000 death benefit under either of the above policies. Kindly inform your Secretary at once, which policy you desire to take—either 10 Payment Plan, Whole Life, 20 Payment Life, or Paid-up Insurance—and also in what amount—Either $500 or $1000 ...... The plaintiff never replied thereto. On July 15, 1939, she entered her action in assumpsit.

On February 11, 1937, the Union entered into an agreement with The Maccabees, the defendant, whereby the latter took over and acquired all the assets of the Union and assumed its liabilities.

Two main questions, in our judgment, are raised by the appellant's nine assignments of error. A determination thereof will dispose of this appeal. (1) Was the plaintiff compelled to pursue and exhaust her remedies before a tribunal created by the laws of the Union prior to resorting to civil action in the court? (2) Is her claim barred by the statute of limitations?

In Article II, Section 2, sub-section (f) of the constitution of said corporation it is provided: "After ten years of membership in this union, he or she will receive the accumulated dues with 6% interest."

The applicable by-laws of the Union provide, inter

alia, as follows: *"Article 1. Section 25:* Members in good standing after ten years of continuous membership, upon surrendering their respective certificate properly receipted, shall be entitled to receive a share of the net assets of the Union with 6% interest; deducting, however, sums as may have been charged against their certificate, together with 6% interest."

*"Article 1, Section 35:* After expiration of ten years membership of a member in this Fund, in his or her old age the payment of dues cease. In case the member desires his accumulated amount with 6% interest will be paid him, her and shall cease to be a member of the S. P. B. Union."

*"Article 12, Section 67:* Any member or his legal representative, considering that an injustice has been done him by this Assembly, or that his claims for benefits have been rejected, shall within thirty days after such decision or rejection, present a written appeal, first to the Supreme Assembly, stating his reason therefor . . . . . ."

*"Article 12, Section 68:* No person shall enter into any legal proceeding against the Union for any claim until he has first exhausted all remedies within the Union as set forth in the constitution, by-laws and rules of the Union."

It is quite clear that sections 67 and 68 refer to claims made by a member or beneficiary for sick or death benefits, which must be presented and prosecuted before the tribunal of the lodge under the prescribed procedure. *Myers v. Fritchman,* 6 Pa. Superior Ct. 580, sick benefits; *Wick v. Fraternities Accident Order,* 21 Pa. Superior Ct. 507, accident benefits; and *Bogadek v. Butkovic et al.,* 336 Pa. 284, 9 A. 2d 388, reinstate a member to an office, are no aid in solving the problems before us as the plaintiff's claim is not for benefits but for the surrender value of her certificate.

Nor does this case come within the provisions of the Act of May 20, 1921, P. L. 916, 40 P. S. 1011 et seq.,

invoked by appellant. Section 2 thereof (40 PS §1012) provides that every beneficial society shall have control and regulation of the terms governing the issue of benefit certificates and the character and kind of beneficial privileges payable or allowable thereunder; adjusting and fixing of the rates and the allotment of the same to the different funds of the society.

Section 5 (40 PS §1016) provides that every such society shall have the option to provide for the payment of old age benefits and for permanent or temporary disability payments, but that no grants and privileges shall exceed in value the credited accumulations at the time such grant or privilege is allowed.

No question is involved here of rates; that the amount plaintiff claimed exceeded the value of her portion of the accumulations; or of inadequacy of the assets of the defendant to pay plaintiff. There is no denial in the affidavit of defense of the ninth averment in plaintiff's statement, which was offered in evidence, that the Maccabees took over and acquired all the assets and property of the Union and expressly assumed to pay all its liabilities, which would include, of course, any amount due to the appellee. We find no merit in this first contention.

Section 35 of the by-laws, supra, does not fix any definite time within which the plaintiff had the right to manifest an election. It simply states that a member after the expiration of ten years of membership is entitled to receive the accumulated amount paid with interest. In paragraphs 7 and 8 of the plaintiff's statement of claim, offered in evidence and not denied by defendant, she averred that during the latter part of the month of July 1933, she tendered to the Union her certificate, demanded the amount of dues paid and interest, less her loan; that the Union in the latter part of August 1933 sent her the letter marked Exhibit "B", hereinbefore referred to, which contained a computation of the amount due her on July 1, 1933. The plaintiff

had a reasonable time to determine whether she desired to surrender her certificate, accept the amount due her, or take out insurance for death benefits. What is a reasonable time depends on the facts and circumstances of each case. Here there was no undue or serious delay by the plaintiff in giving notice of her decision. In July 1933 when she informed the Union of her election and made a demand for payment, she ceased to be a member thereof and was no longer bound by its laws. She then was a creditor with a claim that was due and payable, and had the right to seek a redress in the courts. Suit was brought June 28, 1939, which was within the period of six years from July 1933, the time her cause of action arose.

The appellant has argued at some length in its brief that the certificate of membership was not under seal. It appears on the face of the instrument on which this suit is based that it is under seal, and therefore it is not subject to the six year limitation under the Act of March 27, 1713, 1 Sm. L. 76, §1, 12 PS §31: *Miners Savings Bank of Pittston v. Duryea Borough,* 331 Pa. 458, 200 A. 846. The appellant takes the further position that the certificate does not constitute a contract. The Act of May 20, 1921, supra, section 8 (40 PS §1019) expressly stipulates that it does constitute a binding obligation. It is unnecessary for us to further prolong this opinion in view of our conclusion that this suit was brought within the statutory period of six years.

A careful consideration of all the assignments of error has failed to convince us that the learned court below erred in its disposition of this case.

Judgment affirmed.