O'Hara *v.* Scranton City, Appellant.

*Municipalities—Municipal contract—Negligence—Failure to file liens for assessments.*

A municipal contract provided as follows : " It is expressly understood that the fund for the payment of the above contract price is to be derived from assessments upon the city and abutting property owners according to benefits, and as to assessments upon abutting properties the city is liable to the contractor only for amounts actually collected. . . . The city solicitor shall, within six months from date of confirmation of the final assessment by the court, file liens for all said assesments which are not paid." The city solicitor failed to file liens within six months, and many assessments were lost to the contractor. *Held,* that the city was liable to the contractor for the loss.

Argued Feb. 23, 1903. Appeal, No. 261, Jan. T., 1902, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1900, No. 619, dismissing exceptions to report of referee in case of Vincent H. O'Hara to use of Fleming & O'Hara v. City of Scranton. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of C. B. Little, Esq., referee.

NEWCOMB, J., filed the following opinion:

V. H. O'Hara, the plaintiff, brought suit against the city of Scranton in trespass, to the use of himself and another, as " Fleming & O'Hara." He declared for damages for the defendant's breach of her contract with him for the construction of a sewer in the north end of the city. Upon the trial the referee allowed the plaintiff to amend the form of action by changing it to assumpsit, and upon the facts, about which there is no material controversy, he awarded judgment in favor of the plaintiff for the amount of his claim, to wit: $3,815.80. To this report numerous exceptions were filed on the part of the city.

\*   \*   \*   \*   \*   \*   \*   \*

Briefly stated the facts are these : In 1898 an ordinance was duly enacted by the city providing for the construction of this sewer. Proceedings were had in court to assess the damages

and benefits to private property affected by it, as well as the cost and expenses of construction. Twenty per centum of the cost was assessed upon the city, the balance upon the abutting properties. Report of these proceedings having been confirmed finally the contract was duly awarded by the city to the plaintiff in pursuance of certain provisions of the ordinance.

The ordinance provided that the contractor should not receive any sum in excess of the amount actually received by the city from assessments for the sewer. The contract was duly executed on May 6, 1899, and by its terms the ordinance was made a part of the contract. Thereupon the contractor proceeded with the work to completion. It is not pretended that the work was not done in all respects according to the terms and conditions of the contract and in conformity with the plans and specifications. Nor is it pretended that the city has not had the benefit of it from that time ever since. Thus the merits are entirely with O'Hara.

The contract contained this clause : " It is expressly understood that the fund for the payment of the above contract price is to be derived from assessments upon the city and abutting property owners according to benefits, and as to assessments upon abutting properties the city is liable to the contractor only for amounts actually collected."

The city solicitor failed to file liens against the properties chargeable with the assessments within six months after the right to do so attached, and so the liens expired, the properties were discharged from liability, the assessments thereby became uncollectible, and the city received only such portion of them as the property owners voluntarily paid, which, together with her twenty per centum, she paid over to the contractor. He sues for the balance.

The city resists the action on the ground that she has paid to the contractor all of the moneys actually collected, and therefore under the clause of the contract limiting her liability to that amount, she cannot be called on to pay any more.

To this the plaintiff replies that it was the city's fault that the balance was not collected, as she ought to have filed the liens and enforced payment.

The city's rejoinder is that the failure to file the liens in time, and to so make good the assessments, was the negligence

of the solicitor, and that he and not the city must be held responsible for the consequences. This fairly defines the issue between the parties.

It may be that as between the city and her solicitor the default should be charged to the solicitor, but if so the city must indemnify herself at the expense of him and his sureties and not at the expense of O'Hara. So far as he is concerned the answer to her contention in this respect is that this is not an action in tort, as such, for negligence, but of assumpsit for damages for the breach of a contract.

It is fair argument that the contract contains an implied covenant on a city's part to file liens so as to secure and collect the assessments in order to discharge her whole duty to O'Hara; for good faith would require her to use the lawful means in her hands to raise the fund out of which she agreed to pay the contractor. But there is more than an implied covenant in this case. The contract and ordinance on which it is based must be construed as forming one instrument. The ordinance provides that " the city solicitor shall, within six months from date of confirmation of the final assessment by the court, file liens for all said assessments which are not paid."

This read into the contract is nothing more nor less than an express covenant on the part of the city that the liens should be filed wherever necessary to secure the payment of the assessments. This is her covenant, not that of the solicitor. He was not a party to the instrument.

It all amounts to this : By one clause of the contract the city limited her liability to a particular fund which she, and she alone, had the power to create and the specific means to secure and collect. By another clause she bound herself to exercise that power and to use those means. This she did not do. Thereby, without any fault on O'Hara's part, she failed to collect a portion of the fund, and to that extent the value of his contract was impaired. The city cannot now have the advantage of the clause limiting her liability to that portion of the fund actually collected, not having given him the correlative benefit of her covenant to secure the whole of it.

Her liability flows from the breach of this obligation, and the learned referee correctly so held.

The measure of damages is the balance of the contract price with interest, and that is what was awarded.

But it is claimed by the city that upon discovering that the liens had been lost by the failure to file them in time, she notified the contractor to stop the work, and therefore he proceeded to complete it at his own risk, the amount of his work up to that time having been covered by the moneys actually received by the city from voluntary payments and the percentage which she paid out of her general revenues ; in other words, that she abrogated the contract. It is enough to say of this contention that in the absence of fraud it takes two parties to rescind a contract as well as to make it.

The conclusions of the referee were correct and they are so well vindicated by his intelligent discussion and his apt and painstaking citation of authorities that more extended consideration of the case on our part may well be dispensed with.

The exceptions are dismissed, the report confirmed, and the prothonotary directed to enter judgment accordingly.

*Error assigned* was in dismissing exceptions to report of referee.

*George M. Watson*, city solicitor, and *Michael J. Martin*, of *O'Brien & Martin*, for appellant.

*I. H. Burns*, for appellee.

PER CURIAM, March 9, 1903 :

The assignments of error in this case have no merit that warrants discussion. They are all overruled and the judgment is affirmed on the opinion of the court below dismissing the exceptions to the report of the referee.