# Dime Deposit and Discount Bank of Scranton *v.* Scranton, Appellant.

*Municipalities—Assessments—Bonds—Negligence.*

Where a city issues bonds to pay the cost of paving, and it is provided that the bonds shall be payable only out of assessments levied on and collected by the city from property owners, and the city is grossly negligent in filing liens and in failing to issue sci. fas. upon the liens, and the assessments are in many cases lost, the city is liable to the bondholders for the amount of the loss.

Argued Feb. 22, 1904. Appeal, No. 229, Jan. T., 1903, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1901, No. 968, on verdict for plaintiff in case of the Dime Deposit and Discount Bank of Scranton v. City of Scranton. Before DEAN, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit on bonds.

Exceptions to report of C. B. Little, Esq., referee.

The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to referee's report.

*David J. Davis*, city solicitor, with him *H. R. Van Deusen*, assistant city solicitor, for appellant.

*C. Comegys*, for appellee.

PER CURIAM, March 7, 1904:

This action is assumpsit to recover the sum of $10,900 with interest and $600 with interest due on certain improvement bonds issued by the city to pay for the cost of improvement of Washington avenue. They are of several denominations but all of them issued in 1891. The bonds were issued originally to the Scranton Trinidad Asphalt Paving Company or its assigns, payable when they should be called in within a period of ten years with interest at rate of six per cent. They were issued in pursuance of an ordinance for the issue of street im-

provement bonds as provided by the legislation then in force for the government of cities of that class. The bonds, primarily, rest for security on assessments to be made on lot holders along the line of the improvement, and they stipulate that " it is expressly understood that the city is only to be liable for the amount collected and as fast as collected (from assessments) and as often as there are sufficient funds in the hands of the city treasurer from said assessments he shall call in said bonds for payment."

It was the duty of the city under the law as it then stood to file liens for the assessments upon property holders of the cost of the improvement, as provided by the ordinance for the issue of bonds. As we have said the bondholders, primarily, must look to the assessments for payment as provided in his bond. But there is a duty upon the city. It must make assessments and file liens to secure payment as provided by law. In pursuance of its duty in this particular, it did make assessments on the abutting property holders September 24, 1890, and to enforce their collection filed liens within six months from the completion of the work. The greater number of the liens were paid; many were not paid; some of them were stricken from the record by the court because of irregularities, some of them by reason of the expiration of the time for filing became valueless and could not be enforced because it was held a common-law action could not be maintained for the amount assessed. The act of 1891 provides, that when the lien is filed within six months it shall remain a lien upon the properties until fully paid, provided, " that a writ of scire facias shall be issued to revive the same at the expiration of every period of five years after the lien is filed."

We do not think it necessary to go into a discussion of the several acts of assembly, those of 1889, of 1891 and 1897, to determine in how far they conflict with or modify each other, for this fact stands undisputed, the city did not use ordinary diligence in the collection of those liens. These bonds were payable within ten years, but although twelve years have now passed the assessments have not been collected to pay them. It is conceded they cannot be collected. Whether from want of ordinary professional knowledge in filing the liens, or from neglect to issue sci. fas. upon them, or from any one or all of

the causes pointed out by the referee, the city has wholly failed to perform its duty to its creditor, this plaintiff. The creditor could not perform these duties, had no legal power to do so ; it was the bounden duty of the city to prosecute the liens with due diligence. Through its gross neglect in some instances, they are lost. While by the acceptance of the bond the creditor agrees that he will look, primarily, to the fund raised by the assessments for payment, he agrees to do so on the condition that the city makes lawful assessments, files lawful liens, preserves them by lawful proceedings. If it neglect to do so, the case is not essentially different from O'Hara v. Scranton, 205 Pa. 142, where the court below, affirmed by this court, says : " By one clause of the contract the city limited her liability to a particular fund, which she alone had the power to create and the specific means to secure and collect. By another clause she bound herself to exercise that power and use those means. This she did not do." Therefore the city is held liable. In Gable v. Altoona, 200 Pa. 15, the city is held liable on the same principle. And the decided weight of authority is to the same effect in most of the states. We are of opinion that the judgment should be affirmed and it is affirmed accordingly.