# Nolan v. Reading City, Appellant.

*Municipalities—Bond—Sewer assessments—Failure to make adequate assessments.*

Where a city has issued bonds containing statements that the principal and interest of the bonds was secured solely by sewer assessments levied under a specified ordinance, that the city was only to be liable for the amount collected on such assessments, and that the requirements of the ordinance and laws had been fully complied with, a negligent failure on the part of the city to make an assessment adequate to provide for the whole of the bond issue renders the city liable to any bondholder whose bond has not been paid by reason of the inadequate assessment.

Argued Jan. 29, 1912. Appeal, No. 330, Jan. T., 1911, by defendant from judgment of C. P. Berks Co., Jan. T., 1911, No. 80, for plaintiff in case of Edward C. Nolan v. City of Reading. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on municipal bonds.

The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109.

ENDLICH, J., filed the following opinion:

## I.—FINDINGS OF FACT.

1. An ordinance of the city of Reading, approved 7 Aug., 1905, provided for the construction of a sewer in the Fourth House Sewer District of the city, the exact cost and expense thereof to be assessed according to a method prescribed upon the properties in the district liable therefor.

2. In pursuance of the ordinance a contract was entered into between the city and a certain contractor for the construction of the sewer and the work done accordingly.

3. For the purpose of defraying the cost and expense of the construction, *i. e.,* the amounts due the contractor, the wages of inspectors employed by the city to supervise the execution of the work, the charges for clerical services necessitated by the undertaking, and interest accruing from time to time upon deferred payments in connection with it, the city issued bonds to the amount of $157,184.28.

4. In conformity with the provisions of the ordinance the bonds so issued contain the following stipulations—

(a) This bond principal and interest is based solely and rests alone for its security upon the assessments made and levied under said ordinance * * * upon the property within the limits of the Fourth Sewer District of the city of Reading.

(b) It is expressly understood that the city of Reading is only to be liable for the amount collected on said assessments and as fast as collected, and as often as there are $500 in the hands of the city treasurer from said assessments * * * he shall call in bonds for payment.

(c) The requirements of said ordinances and laws have been fully complied with.

5. Through the negligence of the city engineer's office of the city of Reading, the total assessments against the properties within the limits of the Fourth Sewer District liable thereto amounted to only $129,-755.60, *i. e.,* $27,428.68 less than the bonds issued against the same.

6. Part of the assessments made has been collected by the city and applied to the payment in full of bonds called in for that purpose. For unpaid assessments liens were duly filed to Nos. 1-1305 Jan. Term, 1908, C. L. D., but remain in whole or in large part uncollected, although under the terms of the ordinance the last of the 10 installments in which the assessments were payable was due May 28, 1910, and a default for two

months in the payment of any installment made the whole at once payable.

7. The plaintiff by purchase became and is the holder of 4 of the bonds, which have not been paid or called in for payment, aggregating $2,000, with interest at the rate of 6 per cent. per annum from June 6, 1910.

8. Demand was made upon the city by plaintiff on Dec. 6, 1910, for payment of the principal and interest of said bonds held by him, but was refused on the ground of the absence of funds available for the purpose, and no provision has since been made by the city looking towards such payment.

## II.—DISCUSSION.

The issuance of the bonds by the city and their acquisition by plaintiff established a contract between them. By it the city undertook to pay a certain sum to the plaintiff to be first collected by it from the owners of properties upon which the cost of the construction the bonds were to provide for was to be assessed by the city. Of course the city, in so undertaking, impliedly assumed to make the assessment and to collect it, and in common sense and fairness must be understood to have contemplated an assessment as adequate for the purpose and its collection as promptly as with due diligence they could be so made. The purchaser of the bonds under a clause limiting the liability of the city upon them to the proceeds of the assessment had the right to regard the city as so assuming. A binding agreement to that effect is therefore to be treated as a part of the contract between him and the city; for what is implied in a contract is as much a part of it as what is expressed in it: Slegel v. Lauer, 148 Pa. 236, 244 (and see also Waslee v. Rossman, 231 Pa. 219, 227). Moreover, the city expressly stipulated that the requirements of the ordinance had been fully complied with. One of those requirements was the assessment of the "exact cost

and expense" of the improvement upon the properties
liable therefor; which clearly means an assessment suf-
ficient to meet the whole of the cost and expenses to be
provided for. When through the carelessness of its own
officials the city then made an inadequate assessment it
committed a breach not only of one branch of its implied
contract with the plaintiff, but also of its express assur-
ance just referred to. It is conceded and is undoubtedly
true that there is now no means of retrieving the error
committed by an additional assessment covering the de-
ficiency. The mischief is done, and there is no one to
answer for it to the plaintiff except the city through
whose short-coming it occurred. In equity,—and the ac-
tion of assumpsit partakes of the nature of a bill in
equity: Martzell v. Stauffer, 3 P. & W. 398, 402; Hind-
march v. Hoffman, 127 Pa. 284, 288; Brown v. Title &
Trust Co., 174 Pa. 443, 447,—it is plain that the city
ought to be held to make him whole. Whilst there seems
to be no authoritative declaration of its liability to do so
under the precise state of facts here existing, there are
certain adjudications in this state in principle decisive
of this case.

In Addyston Pipe & Steel Co. v. Corry, 197 Pa. 41, a
contract for the construction of a sewer provided that its
price should be paid partly by money in the city treasury
and partly by assessments on abutting and non-abutting
properties. The assessment was made against both, but
was subsequently found to have been unlawfully made
against the non-abutting properties, which were not lia-
ble to assessment. These assessments being irrecover-
able by the city, the total of the assessment was inade-
quate. The city was held liable for the deficiency. And
so in Gable v. Altoona, 200 Pa. 15, the city was held
liable for bonds issued by it payable out of assessments
on property, where the assessment turned out to have
been illegally made and void. O'Hara v. Scranton, 205
Pa. 142, and Dime Deposit & Discount Bank v. Scranton,
208 Pa. 383, were actions upon bonds issued by the city

with a restriction upon its liability entirely similar to that in the bonds here sued on. The possibility of collecting part of the assessment was lost through the neglect of the city officials to file liens in time or their failure to proceed upon liens that had been duly filed, and there was a consequent deficiency. In the Common Pleas and on appeal by the city, it was held liable. Substantially to the same effect seems to be the decision rendered May 17, 1911, in Dale v. Scranton, 231 Pa. 604. The broad underlying reason of all these rulings is that, notwithstanding the express limitation of the liability of the city to the avails of the assessment, it is bound to make good any deficiency thereof to meet the whole bond issue, where that deficiency occurred in any way through the default of its own officers. That principle is as applicable to the case here presented as to those to which it was applied in the decisions cited. It follows that the plaintiff is entitled to recover.

The question next arises, what is he entitled to recover? The city will never by virtue of the assessment made by it be in a position to pay him in full. It has no funds now available for the purpose. It is doubtful when collection will be made of the amount secured by the liens filed by the city. Its contract with plaintiff has been broken. Its liability to him for the whole face of the bonds and interest is certain. It would seem that in analogy to the rule adopted in U. S. Bldg. & Loan Ass'n v. Silverman, 85 Pa. 394, plaintiff is entitled to a judgment for the full amount of his claim. The control over its enforcement in such manner as shall be equitable and proper will still remain with the court

### III.—CONCLUSIONS OF LAW.

A—The contract between the city of Reading and the holder of bonds issued by it under the ordinance of 7 Aug., 1905, implies an undertaking by the city and imposed upon it the duty to make an assessment upon the

properties liable thereto sufficient to meet the whole of the bond issue, and to proceed with reasonable diligence in the collection of the amounts due thereunder.

B—The negligent failure on the part of the city, acting through its officers, to make an assessment adequate to provide for the whole of the bond issue constitutes a breach of that undertaking and duty and renders the city liable to the plaintiff in this action.

C—The plaintiff is entitled to recover in this action a judgment for the entire principal of the bond held by him, with interest from June 6, 1910.

And now, June 24, 1911, it is ordered that the foregoing decision be filed in the office of the prothonotary, and that he forthwith give notice thereof to the parties or their attorneys in conformity with the Act of April 22, 1874, Sec. 2, P. L. 109.

*Error assigned,* was inter alia the judgment of court in favor of the plaintiff for $2,174.00.

*H. P. Keiser,* city solicitor, for appellant.

*John H. Bridenbaugh,* for appellee.

PER CURIAM, March 18, 1912:

The judgment is affirmed on the findings of fact and conclusions of law by Judge ENDLICH.