## Miller & Sons' Co., Appellant, *v.* Mt. Lebanon Township (No. 1).

Argued October 7, 1932.   Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*M. L. Avner,* with him *Jacob A. Markel,* for appellant. —The instant case is in the same class as Addystone Pipe & Steel Co. v. Corry, 197 Pa. 41; Gable v. Altoona,

200 Pa. 15; Hallock v. Lebanon, 215 Pa. 1; Athens Nat. Bank v. Ridgebury, 303 Pa. 479; Morgan v. Johnstown, 306 Pa. 456.

*Samuel A. Schreiner,* for appellee.—The contracts for extras are illegal and, therefore, unenforceable against the general funds of the township to the extent of their excess over the bond funds available for the purpose of the contracts: Raff v. Phila., 256 Pa. 312; McAnulty v. Pittsburgh, 284 Pa. 304.

The general contractor was required at his peril to inquire into the power of the township or its officers to make the contracts relied upon in this case: O'Malley v. Olyphant, 198 Pa. 525; Willis v. Directors of Poor, 284 Pa. 138.

OPINION BY MR. JUSTICE DREW, November 28, 1932:

At the general election in 1928, the voters of Mt. Lebanon, a township of the first class in Allegheny County, authorized an increase of $175,000 in the municipal indebtedness, "for the purpose of erecting a townhouse," this sum to be raised by a bond issue. At the general election in 1929, a further increase of $50,000 in the municipal indebtedness was similarly authorized, "for the purpose of paying the cost of the erection of an addition to the townhouse," this sum likewise to be raised by a bond issue. From the sale of these bonds the township realized $238,585.90, including $6,113.85 from premiums and $7,472.05 from interest earned on the proceeds before the completion of the building.

Pursuant to the authority thus given, the township commissioners awarded to defendant the general contract for the erection of a municipal building and an addition thereto, at a total cost of $178,336. Authorized additions to and deductions from the specifications, including an absolutely essential item of $8,900.26 for additional foundations, resulted in an increase of this sum to $189,376.36. Contracts made for other work on the

building totaled $48,337.14, which sum was later increased to $53,242.30 by the inclusion of extras found to be necessary. The total amount of the contracts was $242,618.66, which was $4,032.76 in excess of the proceeds of the bond issues, and of this amount $226,673.14 was on account of the original contracts and $15,945.52 on account of extras. It is not disputed that the commissioners acted in good faith in making the contracts, and it is admitted that the items added as extras were necessary for the proper completion of the building.

Of the amount due plaintiff on its contract, $175,-947.20 was paid, and the township commissioners refused to pay the balance of $13,429.16, fearing they would be surcharged if they did so. Thereupon plaintiff brought this action in assumpsit for the unpaid balance. In its affidavit of defense, defendant stated that it had in its hands premiums and interest received from the bond issues to the amount of $10,296.26. Plaintiff moved for judgment for the full amount claimed, for want of a sufficient affidavit of defense, and its motion was granted by the court below to the extent of the $10,-296.26 in defendant's hands, but as to the remainder of the claim, $3,132.90, plaintiff's motion was refused. Assigning as error this partial overruling of its motion for judgment, plaintiff appealed. Defendant makes no objection to the judgment entered against it. The sole question, therefore, is whether, when the voters of a municipality have authorized an increase in the municipal indebtedness in a definite sum for a particular purpose, the municipality is liable for the cost of extras found necessary in order to complete that purpose, when such cost would cause the sum authorized to be exceeded.

Defendant contends that this question must be answered in the negative, that the commissioners had no power to contract for expenditures in excess of the sum received from the sale of the bonds. This argument, we think, cannot prevail under the facts of the instant case. The expenditure was necessary to accomplish the pur-

pose intended, was incurred in good faith and is reasonable in amount, and does not increase the municipal indebtedness beyond the limit fixed by the Constitution.

When the people voted to increase the municipal indebtedness $225,000, they authorized the commissioners to enter into contracts for the erection of a townhouse, the total cost of which should not exceed the proceeds received from the sale of the bonds. The original contracts called for $226,673.14, a sum well within the amount thus realized. The commissioners certainly did not forsee the contingencies which later necessitated expenditures exceeding the funds obtained from the bonds. They could not possibly have known that additional foundations would be required. It was entirely proper for them, in the exercise of their discretion, to contract for the necessary extras. Had they not done so, much delay would have been caused, and the building would have had to stand unfinished until authority could be procured from the voters at an election. For them to have taken this course would have been unwise and unreasonable, particularly in view of the fact that the $4,000 excess expenditure was less than one and two-thirds per cent of the total cost of the building. There is nothing in the record to indicate, and it is not contended, that this excess amount will increase the debt of the township beyond the limitation of seven per cent of the assessed value of the property therein imposed by the Constitution, article IX, section 8. In addition, the township has received full consideration for this indebtedness, which was incurred in good faith and in a lawful exercise of the discretion and authority of the commissioners. The same considerations govern us here as were controlling in Addyston Pipe & Steel Co. v. Corry, 197 Pa. 41; Gable v. Altoona, 200 Pa. 15; Potters Nat. Bank v. Ohio Twp., 260 Pa. 104; Athens Nat. Bank v. Ridgebury Twp., 303 Pa. 479. See also O'Hara v. Scranton, 205 Pa. 142; Dime Deposit Bank v. Scranton, 208

Pa. 383; Hallock v. Lebanon, 215 Pa. 1; Nolan v. Reading, 235 Pa. 367; Schilling v. Ohio Twp., 260 Pa. 113.

It is not contended that the commissioners did not in good faith believe that the fund in their hands, over and above the amount required for the original contracts, would be sufficient to meet all contingencies which might arise in the course of construction. If they miscalculated slightly, and "cut their cloth too close," it was an honest error of judgment, and the municipality is not to be excused thereby. This case is, therefore, not analogous to Raff v. Phila., 256 Pa. 312, and McAnulty v. Pittsburgh, 284 Pa. 304, cited by defendant, where, when the original contracts were made, the municipal officials knew that the cost of the projects would greatly exceed the sums authorized by the voters.

We think that plaintiff's right to judgment is clear, that the affidavit of defense fails to state any legal ground for the denial of a judgment, and that the court below erred in dismissing, in part, plaintiff's motion for judgment on the pleadings.

The order of the court below, so far as it denies plaintiff's motion for judgment for want of a sufficient affidavit of defense, is reversed, and the record is remitted with directions that judgment be entered against the defendant for want of a sufficient affidavit of defense for the sum as to which judgment was refused by the court below, unless other legal or equitable cause be shown to the court below why such judgment should not be entered.