## First Catholic Slovak Union *v.* Scranton, Appellant.

Argued April 11, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*A. A. Vosburg,* City Solicitor, with him *A. S. Rosenberg* and *Robert Coglizer,* Assistant City Solicitor, for appellant.——It has been expressly decided that mere delinquency in the payment and collection of special assess-

ments, does not impose liability upon a municipality: Capital Heights v. Steiner, 101 So. 455; Gagnon v. Butte, 243 Pac. 1085.

*Walter W. Harris,* with him *Reese Harris, Paul M. Dzwonchyk* and *Peter P. Jurchak,* for appellee.—The defendant was negligent in neglecting to enforce payment of assessments: Dale v. Scranton City, 231 Pa. 604.

OPINION BY MR. JUSTICE LINN, May 22, 1933:

The City of Scranton appeals from judgment in an action to recover on street improvement bonds issued by the city and purchased by the plaintiff. The problem presented is not only of importance to the parties, but to every municipality which, pursuant to the same or like power, has issued bonds of the same general character, and also to such bondholders. The record, however, is so destitute of essential information for the proper consideration of questions necessarily involved, that we cannot consider them on the merits.

The learned trial judge was of opinion that the city had been negligent in not proceeding on the liens and deduced that conclusion from the mere fact of elapse of time, apparently on the authority of Dale v. Scranton, 231 Pa. 604, 80 A. 1110. We shall leave further consideration of that decision and its implications until the facts more fully appear in this, which, unlike that, is a suit directly on bonds.

The case was tried without a jury. One of the findings is: "4. That the defendant is liable to the plaintiff upon the matured bonds at this time upon the facts as set forth in the plaintiff's statement of claim, and *the further fact, agreed upon, that nothing has been done to enforce payment of assessments.*" We are not satisfied by the record that "the further fact......that nothing has been done to enforce payment of assessments" was agreed upon. It may be that no executions were issued, but that alone will not sustain the finding, for non con-

stat that bondholders and the city agreed that in recent years such proceedings would have produced no funds, or that they agreed that such proceedings should await improved business conditions, or that other contingencies, that may have been considered, were decisive. Nor does it appear that any bondholder requested the city to proceed on the liens and that the city refused; nor, indeed, that the bondholders would not have suffered serious loss had the city proceeded to sell the liened property under existing business conditions. If they would have, then failure to proceed saved the bondholders from loss, and no damage resulted from the supposed neglect of duty. As all bondholders are interested in all the liens, certainly the rights of all should be considered before we decide that the city must proceed in all such cases no matter how much loss would result.

The bonds provided: "This bond, principal and interest, rests alone for its security upon the assessments made and levied under said ordinance upon the lands bounding and abutting upon said improvement.

"It is expressly understood that the city is only to be liable for the amount collected on the said assessments and as fast as collected. And as often as there are sufficient funds in the hands of the city treasurer from said assessments, in excess of annual interest due on outstanding bonds, he shall call in the bonds for payment in their numerical order, by five days' written notice by mail to registered owners, after which time the bonds so called in shall cease to bear interest." Except as this case is supposed to be controlled by Dale v. Scranton, supra, no reason appears why the first sentence of this paragraph should not be given full effect in the absence of a request to proceed and the giving of security for such costs as are likely to be incurred.

Appellant states, in its argument, that, "Owing to the period of depression through which the country is now passing, the City of Scranton could not collect assessments fast enough to meet maturing bonds without sell-

ing out property owners at sheriff's sale; and even if such a sale should be had, it would not facilitate the payment of the bonds, because the city could not acquire cash upon real estate, which would certainly not be a liquid asset under present conditions." The possible relevance and the effect of the condition so adverted to can only be determined when the record shows the facts.

In view of the inadequacy of the presentation of the case in the court below, we must postpone discussion of the questions suggested, and others that may be pertinent, until the facts appear; a case of this importance and effect should be adequately presented.

As the evidence does not support the finding referred to we must reverse the judgment.

Judgment reversed and new trial awarded.