Nagle Engine & Boiler Works, Appellant, *v.* Erie, Appellant.

Argued March 22, 1944.  Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*William W. Knox,* for appellant No. 96 and appellee No. 116.

*Edward M. Murphy,* City Solicitor, for appellant No. 116 and appellee No. 96.

OPINION BY MR. JUSTICE HORACE STERN, June 30, 1944:

On May 18, 1926, the City of Erie adopted an ordinance providing for the paving of the roadway of certain streets and for the appointment of viewers to assess benefits; the assessments were to be paid in ten instalments, the first one thirty days after the completion of the work and the others semi-annually thereafter with interest at six per cent per annum. The ordinance declared it to be the duty of the city treasurer promptly to collect the instalments as they become due and at the expiration of four months from the date of the confirmation of the assessment by the court to deliver a certified list of all unpaid assessments to the city solicitor who was thereupon to file municipal claims; upon failure of any property owner to pay the amount of any instalment and interest the treasurer was to request the solicitor to commence the proper action to collect such delinquent assessment. For the purpose of paying the contractor there were to be issued street improvement bonds which were to rest for their security only upon the assessments and to bear interest at the rate of six per cent per annum until paid.

In accordance with this ordinance the work was performed and the city issued the bonds at various times during the years 1926, 1927 and 1928, payable within five years from the respective dates thereof and bearing interest at six per cent per annum. The bonds stated that they were issued in pursuance of the ordinance, that they rested for their security solely upon the assessments levied on the lands abutting on the improved highways, and that they were to be called in and paid as

funds were received by the city treasurer from the assessments.

Similar ordinances covering the paving of other streets were adopted by the city and like bonds issued thereunder.

Plaintiff is the owner of these street improvement bonds to the extent of $37,000 face value issued at various times between November 30, 1926, and September 28, 1928. The present action is in assumpsit against the City of Erie for that amount, with interest at six per cent per annum from the respective dates of issue of the bonds. The alleged liability of the city was predicated upon an averment that it did not proceed with the collection of the liens within a reasonable time and when they could have been collected, nor did it press the owners of the properties for payment; also that it was negligent in not levying sufficient assessments, filing valid liens, reviving liens, and taking other steps at the proper times to make and protect the assessments. The case was tried by the court without a jury. Testimony was presented by plaintiff to show that there had been delay in filing the viewers' report extending beyond the statutory period; negligence in failing to provide sufficient interest inasmuch as the liens bore interest from dates later than the issuance of the bonds; delay in redeeming bonds resulting in further deficiencies of interest; improper releasing of properties from liens; failure of the city treasurer to request the solicitor to collect delinquent assessments upon defaults in payments of instalments; and failure on the part of the solicitor to institute suits in assumpsit against solvent property owners, to collect penalties due because of the non-payment of liens, and to institute proceedings to collect the liens although for several years after the issuance of the bonds there was sufficient value in the properties abutting the improvement to cover the amount of the assessments.

The trial judge found, as had the jury in the companion case of *Palmer v. Erie*, 337 Pa. 5, 9 A. 2d 378,

that the city was negligent, and entered judgment in favor of plaintiff for the principal of the bonds, $37,000, but without interest. Both parties appeal.

By a long succession of decisions in this court it is established that even though improvement bonds of the type here involved expressly provide against general liability of the city, and that they are dependent for their security only upon the assessments against the property owners, the city makes itself subject to such liability if it is negligent in enforcing collection of the liens for the benefit of the bondholders. This ruling rests upon the fact that it is only the city which can take such proceedings, and therefore the law writes into these bonds an implied covenant that the city will use due diligence in collecting the liens and if it fails to do so will itself pay the bonds according to their terms with the same force and effect as if they were full faith and credit bonds of the municipality.

In *Addyston Pipe & Steel Co. v. City of Corry,* 197 Pa. 41, 46 A. 1035, a contract for the construction of a sewer provided that the contract price was to be paid in part by assessments on benefited properties; it being subsequently found that some of the properties were not liable to assessment it was held that the city became generally liable for the balance due on the contract with interest.

In *Gable v. Altoona,* 200 Pa. 15, 49 A. 367, it was held that where a city issued bonds payable solely out of property assessments which subsequently were declared illegal the city itself became liable for the payment of the principal of the bonds and interest.

In *O'Hara v. Scranton,* 205 Pa. 142, 54 A. 713, a municipal contract for the construction of a sewer provided that payment was to be made out of assessments upon the abutting properties and only to the extent of actual collections therefrom; as the city solicitor failed, however, to file liens within the proper time so that many of the assessments were lost to the contractor, it was

held that the city became liable for the balance of the contract price with interest. The court pointed out that the ordinance under which the contract was executed and which provided that the city solicitor should file liens for the collection of the assessments was incorporated in the contract by reference, so that this provision became not merely an implied but an express obligation on the part of the city that the liens would be properly filed.

In *Dime Deposit and Discount Bank of Scranton v. Scranton,* 208 Pa. 383, 57 A. 770, the city issued paving bonds payable only out of assessments collected from the property owners; it being negligent in filing liens so that many of the assessments became valueless it was held that the bondholders could recover from the city the amount of their bonds with interest. The court said that while the bondholders had agreed to look for payment primarily to the fund raised by the assessments that agreement was conditioned on the city's making lawful assessments, filing lawful liens, and preserving them by proper proceedings.

In *Dale v. City of Scranton,* 231 Pa. 604, 80 A. 1110, a contract for paving streets provided that the contract price was payable only out of the amounts actually collected from assessments on the benefited properties; the city was negligent in making the collections and was therefore held liable to pay to the contractor the contract price out of its general funds, including interest from the date of completion of the work.

In *Nolan v. City of Reading,* 235 Pa. 367, 84 A. 390, the bonds contained statements that principal and interest were secured solely by sewer assessments and that the city was to be liable only for the amount collected on such assessments; it was held that the city's negligent failure to make an assessment adequate to provide for the whole of the bond issue rendered it liable for the principal of the bonds and interest.

In *Price v. Scranton,* 321 Pa. 504, 184 A. 253, there was a provision in sewer bonds issued by the city that

they rested for their security only upon assessments made on the lands abutting the improvements and that the city's liability was limited to the amount collected on the assessments; the city being negligent in the collection of the assessments a bondholder was allowed recovery of the principal of his bonds and interest.

In *Palmer v. Erie,* 337 Pa. 5, 9 A. 2d 378, where the bonds were of the same issue as some of those held by plaintiff in the present case and there were the same delinquencies on the part of the city, recovery was permitted of the principal of the bonds and interest.

In *Bessemer Investment Company v. City of Chester,* 113 Fed. 2d 571, the Circuit Court of Appeals for the Third Circuit reviewed and applied the Pennsylvania law pertaining to cases where a city, having issued improvement bonds, breaches its implied contractual obligation to exercise reasonable diligence in collecting the assessments; the court held that recovery in such event could be had of the face amount of the bonds with interest.[1]

It will be observed that in all of the cases cited [2] the suits were in assumpsit and were brought directly either on the contract under which the improvements were made or on the bonds which financed them; also that in each of them interest was recovered. The theory underlying these decisions is that the liability of the municipality arises, not in tort, but from contract, and is based upon an implied covenant that due care will be exercised in the filing and enforcement of the liens and that, if the city fails to exercise such care, it will pay the bonds just as though it had been originally named therein as general obligor. If, therefore, this implied

---

[1] For a general discussion of the subject see note on "Municipal Liability upon Improvement Bonds", 44 Harv. L. Rev. 610-615.

[2] Except *Gable v. Altoona,* 200 Pa. 15, 49 A. 367, which was an action to enjoin the city from paying either principal or interest on the improvement bonds.

covenant is broken, the resulting damage to the bond-holders is not, as the court below held, unascertained, unliquidated, and limited to what might have been collected had the city been duly diligent; on the contrary, full recovery is allowed in the face amount of the bonds and the interest as therein provided. From this it also follows that the allowance of interest after the maturity of the bonds was not a matter within the discretion of the court, for, in the absence of an agreement to the contrary, a liquidated claim carries interest with it, as of legal right, from the time the debt becomes due. Interest "is completely due, wherever a liquidated sum of money is unjustly withheld. It is a legal and uniform rate of damages allowed, in the absence of any express contract, when payment is withheld, after it has become the duty of the debtor to discharge the debt": *Minard v. Beans,* 64 Pa. 411, 413. "When a definite time is fixed for the payment of money the law imposes the obligation to pay damages by way of interest at the legal rate for the detention of the money after the breach of the contract for its payment": *West Republic Mining Co. v. Jones & Laughlins,* 108 Pa. 55, 68. "Whenever a fixed sum of money is wrongfully withheld from a party to whom it is properly due such party is entitled to interest": *Canuso v. Philadelphia,* 326 Pa. 302, 310, 192 A. 133, 137. "Interest is, as a general rule, demandable from the date money is due": *Guardian Bank & Trust Co. Case,* 330 Pa. 411, 416, 199 A. 171, 173. "The weight of authority is in accord with our Pennsylvania decisions, which hold that where the action is not for a tort or to recover for unliquidated damages, but is under a contract claiming a definite amount, interest is due from the date the money was payable": *Gloeckler v. Imrie,* 118 Pa. Superior Ct. 441, 445, 446, 179 A. 883, 885. "Where money is payable by agreement between parties and a time is fixed for the payment of it . . . this constitutes a contract to pay the money at the time fixed and to pay interest on it from the given day, in case of failure to pay

at that day": *J. Prudy Cope Hotels Co. v. Fidelity-Phenix Fire Insurance Co.,* 126 Pa. Superior Ct. 260, 265, 266, 191 A. 636, 639. See also Restatement, Con tracts, Section 337(a). In *Carbondale City School District v. Fidelity & Deposit Co. of Maryland,* 346 Pa. 491, 493, 31 A. 2d 279, 280, it was said: "As prerequisites to running of interest, the debt must have been liquidated with some degree of certainty and the duty to pay it must have become fixed". These prerequisites existed in the present case.

Since the City of Erie became liable on these bonds by reason of its failure properly to pursue the collection of the assessments it becomes unnecessary to consider the constitutionality of the validating Acts of April 11, 1929, P. L. 509; June 23, 1931, P. L. 929; June 3, 1933, P. L. 1466; and May 26, 1943, P. L. 660; which imposed liability in all cases where municipalities had issued this type of bonds, even though the bonds were expressly limited to payment out of collection of assessments on the properties abutting the improvement.[3]

The statute of limitations is not a bar to this suit. The action, as already explained, is not in tort for negligence but upon the bonds themselves. The ordinance, outlining the duties of the city treasurer and the city solicitor, was expressly referred to in the bonds. But even if the covenant to use due diligence be regarded merely as implied the same result would follow, for whatever is necessarily implied in a contract is as much a component part thereof as if expressly stated, so that an action upon an implied promise in a written contract is an action upon the written contract itself and is governed by the same statute of limitations: *Persons v. Dallas,* 178 Ga. 778, 174 S. E. 699; *Long v. Straus,* 107 Ind. 94, 6 N. E. 123; *Wilson v. Wallace,* 113 Cal. App.

_____

[3] By Sec. 214 of the Municipal Borrowing Law of June 25, 1941, P. L. 159, it was provided that no assessment bonds which rest alone on special assessments of benefits and purport to impose no municipal liability should thereafter be issued.

278, 298 P. 86; *Bracklein v. Realty Insurance Co.,* 95 Utah 490, 80 P.2d 471; *Indian Territory Illuminating Oil Co. v. Rosamond,* 190 Okla. 46, 120 P. 2d 349; *Economy Fuse & Manufacturing Co. v. Raymond Concrete Pile Co.,* 111 Fed. 2d 875. Here, the written contracts being sealed instruments, no statute of limitations is applicable; *Parsons Trading Co. v. Dohan,* 312 Pa. 464, 471, 167 A. 310, 313; *Miners Savings Bank of Pittston v. Duryea Borough,* 331 Pa. 458, 464, 200 A. 846, 849.

The record is remitted to the court below with direction to add to the amount of the judgment an allowance of interest at six per cent per annum from the respective dates of the bonds; as so modified the judgment is affirmed.