Reed Petition
Pittsburgh Appeal et al.

Argued April 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Alvin J. Porsche,* Assistant Solicitor, with him *Anne X. Alpern,* City Solicitor, *Nathaniel K. Beck,* County Solicitor, *Mortimer B. Lesher,* School Solicitor, and *Harry C. Beschel,* Solicitor for City and School Tax Liens, for appellant.

*Willis McCook Miller,* with him *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for appellee.

OPINION BY ARNOLD, J., September 29, 1948:

The City of Pittsburgh, the County of Allegheny and the School District of Pittsburgh purchased real estate of Bessie McCook Reed at a public sale for delinquent taxes. She petitioned the Court of Common Pleas to redeem, under the provisions of the Act of July 28, 1941, P. L. 535, 72 PS §6105.1 et seq., by paying costs and one-fifth of the taxes plus accrued interest from 1932 to date, and four equal annual installments thereafter. The contention of the taxing authorities is that interest must be paid on the deferred balances for the four following years. The court below did not sustain this, and the taxing authorities appealed. The order of the court below will be affirmed.

Section 2 of the Act provides: "In order for any person . . . entitled . . . to redeem such property to receive the benefits of the installment system of payment authorized . . . by this act, they shall enter into a written agreement with the taxing authorities . . . in the nature of a lease, which shall require at the time of signing the agreement the payment [1] of all costs incident to the . . . tax sale and [2] twenty per centum [1/5] . . . of all taxes . . . and penalties and interest *accrued* . . . and [3] the payment of the remainder of said . . . tax, . . . penalties and interest in four equal installments, each of which shall be made within one year after the last day fixed by said agreement for the payment of the previous installment. Said agreement shall further require that the respective current taxes assessed on said real property for each year during such installment period shall be paid *before a penalty attaches thereto.*" (Italics supplied).

Benefits were conferred both on the taxing authority and the property owner. The latter was given time for

the payment of the redemption money. The municipality got the real estate back on the tax rolls and also immediately received revenue for the taxing districts. The Act provides for a sort of statutory accord to be made under a written agreement, which when carried out by the property owner becomes an accord and satisfaction. See Restatement of the Law of Contracts, §§417 and 419.

It will be seen that the interest *accrued to the date of the signing of the agreement* shall be added to the taxes and the penalties. The amount thus determined is to be divided by five. One-fifth shall be paid down, together with the costs. The other four shall be paid annually in *equal* installments. It could scarcely have been the intention of the Legislature that an intricate calculation be made of interest (on the partial payment plan on balances deferred) and such interest added to the amount of taxes, penalties and interest accrued and then divided by five. This is the only way that the installments could be made *equal* as the Act provides.

Under §3 the person redeeming is to be given immediate possession under the terms of the agreement-lease provided in §2, but upon the default of any installment or the failure to pay the taxes current for any year, the taxing authorities may repossess the property. Thus, if interest on the partial payment plan were calculated so that one-fifth thereof appeared in each installment, it would follow that upon a default by the person redeeming, there would be either an overpayment or an underpayment made to the taxing authority which took possession.

In *Nagle Engine & Boiler Works v. Erie,* 350 Pa. 158, 38 A. 2d 225, it was stated: " 'When a definite time is fixed for the payment of money the law imposes the obligation to pay damages by way of interest at the legal rate for the detention of the money *after* the breach of the contract for its payment.' " (Italics supplied). Since nothing is said in this statute about in-

terest on the unpaid balances, the interest runs from the date of the breach of the contract to pay, and not from the date of the instrument. After costs, the amount to be paid for redemption, in five equal installments, is the amount of taxes, penalties and interest charged against the property at the time the agreement is made.

Order affirmed.