## Rosenberg v. Preston

*D. Gelber* and *S. Kravitz*, for plaintiffs.

*F. J. Eustace*, for defendants.

The facts appear from the following excerpts from the adjudication of

WEINROTT, J., April 7, 1956.—Plaintiffs as the mortgagors and real owners of a certain premises have filed a complaint in equity against defendant, one of the mortgagees, to require defendant to endorse certain checks representing the proceeds of fire insurance claims and deliver the said checks to them. Defendant's answer contends that plaintiffs have failed to repair and restore the said premises to the same condition as they were prior to the fires, that his security is substantially impaired and, therefore, he is not obligated to endorse these checks. . . .

### Discussion

The question presented in this case resolves itself into a determination of the relative rights between the mortgagee and mortgagor to the proceeds of fire insurance policies following a satisfactory adjustment of the loss where the mortgage is not in default and the premises have been substantially restored to their prior condition.

When the mortgaged property is insured for the benefit of the mortgagee, such insurance is collateral to the debt and money recovered from the insurance is still collateral and cannot be applied by the mortgagee to the payment of the mortgage debt without the consent of the mortgagor if the debt is not due. The insurance money received by the mortgagee takes the place of the mortgaged property, and the mortgagee would receive it if the debt was due and unpaid as he would receive the mortgaged property which it represented to reasonably account for its use, but if no part of the debt was due, he would hold it in the same manner, unless he or the mortgagor saw fit to use it to restore the property burned: Jones on Mortgages, vol. 1, pages 656-57, §503.

The general rule is that in the absence of an agreement of the parties to the contrary, the mortgagee has no obligation or right to apply the proceeds of an insurance policy taken out for himself by the mortgagor to the mortgage debt prior to the maturity thereof: 36 Am. Jur., page 859, §339. Since the object of the agreement is to afford better security for the payment of the debt, the equity will not be applied further than is necessary for such security, and if the debt is abundantly secured by the property which remains subject to the mortgage, the mortgagee will not be entitled to the proceeds: 36 Am. Jur., page 856-57, §334.

Where the mortgaged property is substantially restored to its condition prior to the fire by the mortgagor owner, he is entitled to the fire insurance proceeds for his own use: Farley v. Kelly, 24 Dist. R. 911.

In the instant case, the property was restored substantially to its condition before the fires and the security of the mortgagee was not impaired. The insurance was for the protection of the security and not for the payment of the debt. Upon restoration of the property, it would be inequitable to hold that the mort-

gagee is also entitled to any of the proceeds of the insurance claim: See Farley v. Kelly, supra.

We conclude that plaintiffs are entitled to the fire insurance proceeds in reimbursement for the expenses incurred in repairing the premises and also to any surplus which may have been received by virtue of a beneficial adjustment of their claim. We find no evidence that the property was not substantially restored to its condition prior to the fires, and the only testimony offered in rebuttal by defendant was to the effect that about one year prior to the date of the trial he noted certain items which had not been wholly repaired. However, the evidence of plaintiffs shows that subsequent thereto a responsible tenant was obtained on a lease for a period of five years, for a rental of $300 per month, and that the tenant made substantial repairs and is now using and occupying the premises. We firmly believe, therefore, that the premises have been restored and that there was, and is no reason for defendant to refuse to execute the checks for the insurance proceeds and to turn them over to plaintiffs.

Whenever a fixed sum of money is wrongfully withheld from a party to whom it is properly due, such party is entitled to interest: Nagle Engine & Boiler Works v. Erie, 350 Pa. 158, and cases therein cited. Defendant, by letter on August 25th, refused to honor plaintiffs' request that the insurance checks be applied in reduction of the principal sum due on the mortgage. Pursuant to the terms of the mortgage, plaintiffs had the right to proffer payment, and defendant's refusal to accept the same was wrongful. Defendant's refusal to apply the checks to the mortgage debt clearly indicates that he was not concerned about the impairment of his security interest in the mortgaged premises. Plaintiffs, having restored the property to substantially the same condition as it was prior to the fire, were entitled to the entire proceeds of their claims.

Defendant is not entitled to benefit by the gratuitous offer of plaintiffs to apply the proceeds to the mortgage debt, which offer he rejected. Plaintiffs are, therefore, entitled to interest on these proceeds at the legal rate of six percent per annum. . . .

## Opinion

REIMEL, J., June 22, 1956.—This case comes before the court on defendant's exceptions to the adjudication of Weinrott, J.

Plaintiffs' property at 5155 West Girard Avenue, Philadelphia, was damaged by fire. The fire insurance companies issued checks in the total sum of $6,005.94 in settlement of the fire loss. These checks were made payable to the order of plaintiffs and defendant and his wife, who held a mortgage on the premises. All parties endorsed the checks with the exception of defendant who refused to do so because he contended that the property had not been substantially restored. Plaintiffs then requested that defendant apply the amount of the checks to the mortgage debt which he refused to do. Although no part of the debt was due at that time, under the terms of the mortgage any part of the debt could be paid at any time.

Plaintiffs brought this action in equity to require defendant to endorse and deliver the checks to them. The court, after hearing, entered a decree requiring defendant to do so together with interest on $6,005.94 for the period when the checks were withheld by defendant. Defendant thereupon filed exceptions.

Findings of fact of a chancellor must be given great weight and may only be properly disregarded in clear cases: Bortz v. Troth, 359 Pa. 326 (1948). After examining the record we are of the opinion that there is sufficient testimony from which the chancellor reached the finding that the premises had been substantially restored to its original condition. Since there has been restoration, plaintiffs are entitled to

the fire insurance proceeds: Farley v. Kelly, 24 Dist. R. 911 (1915).

The purpose of the insurance is to protect the security of the debt. Since the security is in substantially the same condition as it was before the fire, there has been no impairment thereof and the money must be paid to plaintiffs who were responsible for the repair of the property and who made payment of the premiums.

Since plaintiffs were entitled to the fire insurance proceeds and defendant refused to turn said proceeds over to them, there was a wrongful retention. Moreover, plaintiffs requested defendant to apply the checks to the mortgage debt. Under the terms of the mortgage the debt or any part thereof could be paid at any time, and the mortgagee was under a duty to apply the checks to the debt when so requested by the mortgagor, and when he refused there was a wrongful retention of the money. During the period of retention defendant is under the obligation to pay interest thereon: Nagle Engine & Boiler Works v. Erie, 350 Pa. 158 (1944).

The exceptions are dismissed and the court enters the following

### Final Decree

And now, to wit, June 22, 1956, it is ordered, adjudged and decreed that

1. Defendant shall endorse and deliver to plaintiffs the following checks: American Liberty Insurance Company, dated January 15, 1954, for $1,482.19; American Liberty Insurance Company, dated March 4, 1954, for $1,938.75; Hartford Fire Insurance Company, dated March 2, 1954, for $2,585.

2. Defendant shall pay unto plaintiffs interest on the total insurance proceeds of $6,005.94 at the legal rate of six percent per annum from August 25, 1954, to the date of this decree.

3. Costs shall be paid by defendant.